Thomas W. McNamara (SBN 127280)
Daniel M. Benjamin (SBN 209240)
BALLARD SPAHR LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Telephone:   (619) 696-9200
Facsimile:    (619) 696-9269
Email: mcnamarat@ballardspahr.com
       benjamind@ballardspahr.com

Attorneys for Defendant
PLAYGROUND DESTINATION PROPERTIES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN BEAVER AND LAURIE BEAVER, HUSBAND AND WIFE; STEVEN ADELMAN, AN INDIVIDUAL; AND ABRAM AGHACHI, AN INDIVIDUAL, DINESH GAUBA, AN INDIVIDUAL, DEVIN KENNA AND VERONICA KENNA, HUSBAND AND WIFE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br>Plaintiffs,<br><br>vs.<br><br>TARSADIA HOTELS, A CALIFORNIA CORPORATION; TUSHAR PATEL, AN INDIVIDUAL; B. U. PATEL, AN INDIVIDUAL; GREGORY CASSERLY, AN INDIVIDUAL; 5TH ROCK, LLC, A DELAWARE LIMITED LIABILITY COMPANY; MKP ONE, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; GASLAMP HOLDINGS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; PLAYGROUND DESTINATION PROPERTIES, INC., A WASHINGTON CORPORATION; JOSH ERSKINE, AN INDIVIDUAL; SHANE ERSKINE, AN INDIVIDUAL; and DOES 1 - 50, INCLUSIVE,<br><br>Defendants. | Case No. **'11CV1842 H     RBB**<br><br>**DEFENDANT PLAYGROUND DESTINATION PROPERTIES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[PURSUANT TO 28 U.S.C. §§ 1332(d), 1367, 1446, and 1453]<br><br>Related Case:<br><br>*Salameh, et al. v. Tarsadia Hotels, et al.*, Case No. 3:09-cv-02739-DMS-CAB |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that Defendant PLAYGROUND DESTINATION PROPERTIES, INC. ("Playground"), hereby provides notice of removal pursuant to 28 U.S.C. §§ 1332(d), 1367, 1446, and 1453. The grounds for removal are as follows:

1. Playground is removing this action under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d) establishes CAFA's jurisdictional requirements. 28 U.S.C. § 1453 permits removal of CAFA cases that fall under 28 U.S.C. § 1332(d), except as limited by certain exceptions stated in 28 U.S.C. § 1453(d) that are not applicable to this action.

2. The facts demonstrating that CAFA permits removal of this action are as follows:

   (a) This action is brought as a class action as required for CAFA removal jurisdiction. (*See* Plaintiffs' Corrected First Amended Complaint ("FAC") ¶¶ 1, 63-68). *See* 28 U.S.C. § 1332(d)(1)(B).

   (b) Playground is a Washington State corporation as admitted to in Plaintiffs' FAC. (FAC ¶ 24). Indeed, both Playground's principal place of business and state of incorporation are Washington State. The named Plaintiffs are California residents (*see* FAC ¶¶ 12-16), thus establishing minimal diversity as required for CAFA removal jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A) (jurisdiction exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

   (c) Plaintiffs seek damages or rescission on behalf of all purchasers of condominiums at the Hard Rock Hotel and Condominiums ("Hard Rock Hotel"), as to which there were 420 units sold. (FAC ¶ 31). Plaintiffs admit in their FAC that the class constitutes "hundreds" of people and entities. (FAC ¶ 64). Thus, the putative class size is well in excess of 100 as required for CAFA removal jurisdiction. *See* 28 U.S.C. § 1332(d)(5).

   (d) Plaintiffs seek damages or rescission as to the sale of the 420 units (FAC ¶¶ 73, 81, 86-87, 93, 97, 103, 109-110). As the seller's real estate agent, Playground knows

that the 420 units sold for hundreds of thousands of dollars to millions of dollars each. Plaintiffs also attach the purchase contracts for two of the units that Plaintiffs allege are the same in all material respects, with those units being sold for $509,000 and $369,900, respectively. (FAC ¶ 3 & Ex. A, B). Thus, the total damages sought by the putative class for the 420 units that sold for hundreds of thousands of dollars or more each, exclusive of interest and costs, easily exceed the $5 million required for CAFA removal jurisdiction. *See* 28 U.S.C. § 1332(d)(2)&(6).

(e) Playground anticipates that Plaintiffs may assert that this action was brought under the Interstates Land Sales Act ("ILSA"), and that, as codified, 15 U.S.C. § 1719 (ILSA's jurisdictional provision) prohibits removal of such actions. However, in *Passarella v. Ginn Co.*, 637 F. Supp. 2d 352 (D.S.C. 2009), the court held that CAFA controls as the later enacted statute and overcomes ILSA's prohibition on removal. Playground acknowledges the decision in *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031 (9th Cir. 2008), that reached the opposite conclusion as to the 1933 Securities Act ("1933 Act"). That case was not an ILSA case. Further, the precedential value of *Luther* is now in question and Playground intends to seek to overturn it were it found to apply and to control. Specifically, in *Katz v. Gerardi*, 552 F.3d 558 (7th Cir. 2009), the Seventh Circuit reached the exact opposite conclusion, holding that CAFA did permit the removal of 1933 Act claims. It pointed out that *Luther* had not considered the complete language of CAFA that delineated certain specific, inapplicable exceptions to CAFA in the securities context (suggesting that Congress intended to state any exceptions to CAFA explicitly), and the fact that the 1933 Act and CAFA are both "specific" laws in their own context. *Katz*, 552 F.3d at 561-62. Since CAFA is the more recent law, the court reasoned, it applied. *Id.* at 562; *see also New Jersey Carpenters Vacation Fund v. HarborView Mortgage Loan Trust*, 581 F. Supp. 2d 581 (S.D.N.Y. 2008) (rejecting *Luther* in 1933 Act context). Indeed, at least one District Court in the Ninth Circuit has since questioned whether *Luther* is good law.

In *Public Employees' Retirement System of Miss. v. Stanley*, 605 F. Supp. 2d 1073, 1074 (C.D. Cal. 2009), the court appeared to suggest it believed *Luther* was in error by pointing out that the *Katz* court had examined issues not raised in *Luther*. However, the *Stanley* court then instead transferred the case to New York to have the remand issue heard there, thereby avoiding the issue of whether to apply *Luther*. *Id.* at 1075. Thus, while the interaction of ILSA with CAFA is undecided in the Ninth Circuit, even if *Luther* remains good law and somehow applied to an ILSA case, Playground has valid, good faith grounds to seek a modification or reversal of the existing law and to therefore remove. Lastly, Playground separately notes that Plaintiffs brought separate state law claims that are removable under CAFA and are not subject to ILSA's restriction on removal, which separately support removal.

3. The FAC was served on Playground on July 19, 2011, and this notice of removal is being filed less than thirty days thereafter in compliance with 28 U.S.C. § 1446(b).

4. Under 28 U.S.C. § 1453(b), all defendants do not need to join in a removal under CAFA. That stated, the other named (non-Doe) defendants have stated that they join this removal.

5. Pursuant to 28 U.S.C. § 1446(d), Notice of the Removal is being provided to the Superior Court for San Diego County and Plaintiffs' attorney concurrently with this filing.

6. If any claim in the Complaint is outside of this Court's jurisdiction under 28 U.S.C. §1331, then as an alternative ground, this Court has supplemental jurisdiction under 28 U.S.C. § 1367, since all the claims set forth in the complaint are so related that they form part of the same case or controversy.

7. True and complete copies of the pleadings filed in this action are attached hereto. The entire file of this action at the time of removal consist of the Complaint filed in the above-referenced action attached hereto as Exhibit A; the Summons attached hereto as Exhibit B; Notice of Case Assignment attached hereto as Exhibit C; Civil Case Cover Sheet attached hereto as Exhibit D; Notice of Related Cases attached hereto as Exhibit E; Plaintiffs' First Amended

Complaint attached hereto as Exhibit F; and Plaintiffs' Corrected First Amended Complaint attached hereto as Exhibit G.

8. This notice of removal is executed and filed subject to and in compliance with Fed. R. Civ. Proc. 11.

WHEREFORE, Playground request that this action be removed to the United States District Court for the Southern District of California.

Dated this 17th day of August, 2011.

BALLARD SPAHR LLP

By: **/s/ Daniel M. Benjamin**
DANIEL M. BENJAMIN
Attorneys for Defendant Playground
Destination Properties, Inc.