1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11   DEAN BEAVER, *et al.*,

CASE NO. 11cv1842 DMS (CAB)

12                                          Plaintiffs,

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**

13        vs.

14   TARSADIA HOTELS, *et al.*,

15                                          Defendants.

16        Pending before the Court are motions to dismiss Plaintiffs' Corrected First Amended

17   Complaint ("Complaint") filed by: (1) Tarsadia Hotels, Tushar Patel, B.U. Patel, Gregory Casserly,

18   5th Rock, LLC, MPK One, LLC, and Gaslamp Holdings, LLC (collectively, "Developer

19   Defendants"); (2) Playground Destination Properties, Inc. ("Playground"); and (3) brothers Josh and

20   Shane Erskine (the Erskines). Plaintiffs opposed the motions and Defendants replied.[1] For the reasons

21   which follow, the Developer Defendants' motion to dismiss is **DENIED IN PART AND GRANTED**

22   **IN PART WITH LEAVE TO AMEND**; Playground's motion to dismiss is **DENIED IN PART**

23

24        [1]    Defendants' papers violated the Local Rules of this District and the Civil Pretrial and
Trial Procedures of this Court. The Developer Defendants' reply brief greatly exceeds the page limit
25   imposed by Civil Local Rule 7.1 and raises numerous issues which were not included in the moving
or opposition papers. In addition, the Erskines purported to file a joinder in the Developer
26   Defendants' and Playground's motions; however, far from merely joining in those motions, they also
briefed their own theory of dismissal. In this regard, they should have obtained a hearing date for their
27   motion pursuant to Civil Local Rule 7.1 and this Court's Pretrial and Trial Procedures, but failed to
do so. The parties are hereby admonished that failure to comply with the Federal Rules of Civil
28   Procedure, Civil Local Rules of this District, this Court's Trial and Pretrial Procedures, or any order
of this Court may result in sanctions. Civ. Loc. Rule 83.1.

- 1 -

1   **AND GRANTED IN PART WITH LEAVE TO AMEND**; and the Erskines' motion to dismiss is

2   **GRANTED WITH LEAVE TO AMEND**.

3                      **Factual and Procedural Background**

4       This case is a proposed class action brought by purchasers of condominium-hotel units at the

5   Hard Rock Hotel & Condominium project in San Diego, California ("Hard Rock"). Hard Rock is a

6   12-story building containing 420 condominium-hotel units and commercial space. The public was

7   offered an opportunity to purchase ownership interests in individual Hard Rock studios or suites.

8   Plaintiffs filed this action on behalf of all persons who purchased units at Hard Rock between May

9   2006 and December 2007.

10      Plaintiffs claim that in connection with the sale of the units, Defendants violated, among other

11   laws, the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 *et seq.* ("ILSA") and the

12   Subdivided Lands Act, Cal. Bus. & Prof. Code §§ 11000 *et seq.* ("SLA") by failing to disclosing a

13   two-year statutory right to rescind to them and by making affirmative misrepresentations regarding

14   their right to rescind. The land on which Hard Rock was built was owned by Defendant Gaslamp

15   Holdings, LLC, an affiliate of Defendant 5th Rock, LLC ("5th Rock"), which offered the units for sale

16   to the public. Each Plaintiff executed a pre-printed standardized Purchase Contract and Escrow

17   Instructions ("Contract"). The Contracts were signed on 5th Rock's behalf by Defendant MKP One,

18   LLC ("MKP"), the managing member of 5th Rock. Defendant Tarsadia Hotels ("Tarsadia") is the

19   parent corporation of 5th Rock and MKP, and  Defendants Tushtar Patel, B.U. Patel and Gregory

20   Casserly are Tarsadia's principals.   The real estate broker for Hard Rock was Playground.

21   Playground and the Erskines allegedly acted as agents within the meaning of ILSA for purposes of

22   the sale.

23      According to Plaintiffs, the ILSA and SLA were enacted to protect consumers from fraud and

24   abuse in the sale of subdivided lots, including condominium units. Both statutes impose certain

25   disclosure requirements on developers. If developers fail to comply, the statutes provide the purchaser

26   with a right of rescission and other equitable relief and damages.

27      The developer may include in the default provision of the purchase contract a written notice

28   of a 20-day opportunity for the purchaser to remedy default or breach of contract. If this provision

is not included, the purchaser has an absolute two-year right to rescind.  (Compl. at 4, citing 15 U.S.C. § 1703(d)(2).)  Because Developer Defendants allegedly did not include the default remedy provision in the Contract, Plaintiffs contend they have an absolute two-year right to rescind.  (Compl. at 4.) Such right to rescind must be set forth in the public report, another document required by the ILSA and SLA.  (15 U.S.C. § 1703(d)(2); Cal. Bus. & Prof. Code §§ 11010(b)(5) & 11018.)  The notice of the right to rescind must state, "Under Federal law you may cancel your contract or agreement of sale at any time within two years of the date of signing."  24 C.F.R. § 1710.105(d)(2)(iv); *see also* 15 U.S.C. § 1703(d).  Plaintiffs alleged this notice was not included in the Public Report they received. (Compl. at 4-5.)  The theory of Plaintiffs' case is that Defendants violated the ILSA and SLA by failing to disclose the statutory two-year right to rescind as required by law.  In addition, Plaintiffs claim Defendants made overt misrepresentations to mislead Plaintiffs regarding their right to rescind. (*Id*. at 5.)

Plaintiffs filed this action in state court alleging ILSA and SLA violations, fraud, negligence and violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"). After they amended and corrected the complaint, Defendants removed it to this Court pursuant to 28 U.S.C. Section 1332(d), Class Action Fairness Act of 2005.  Plaintiffs' operative Complaint alleges seven causes of action:  (1) violation of ILSA's anti-fraud provisions, 15 U.S.C. § 1703(a)(2)(A)-(C); (2) violations of ILSA's property report provision, 15 U.S.C. § 1703(a)(1)(C); violation of ILSA's notice of opportunity to cure default provision, 15 U.S.C. § 1703(d)(2); (4) SLA violation; (5) fraud; (6) negligence; and (7) UCL violation.  Plaintiffs also request damages, including punitive damages, rescission of the Contracts and restitution of all funds paid, among other things.

**Discussion**

Defendants filed motions to dismiss the Complaint arguing that all claims are barred by the statute of limitations and that the claims are not alleged with sufficient specificity.  Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted where the complaint lacks a cognizable legal theory.  *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326

1    (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of

2    law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet

3    fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530,

4    534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.

5         In this regard, "to survive a motion to dismiss, a complaint must contain sufficient factual

6    matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*,

7    556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff

8    pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

9    for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949, citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

10    544, 556 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a

11    context-specific task that requires the reviewing court to draw on its judicial experience and common

12    sense." *Iqbal*, 129 S. Ct. at 1950.

13         In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all

14    factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill*

15    *v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken

16    as true merely because they are couched as factual allegations. *Twombly*, 550 U.S. at 555. Similarly,

17    "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to

18    dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

19                        **Interstate Land Sales Full Disclosure Act**

20         Defendants challenge each claim alleged in the Complaint, including the ILSA claims, based

21    on the statute of limitations. When, as here, the motion to dismiss is based on the running of the

22    statute of limitations, it "may be granted only 'if the assertions of the complaint, read with the required

23    liberality, would not permit the plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc. v.*

24    *United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995), quoting *Jablon v. Dean Witter & Co.*, 614 F.2d

25    677, 682 (9th Cir. 1980). The untimeliness must appear beyond doubt on the face of the complaint

26    before a claim will be dismissed as time-barred. *See Supermail Cargo*, 68 F.3d at 1206-07.

27

28

In their opposition, Plaintiffs agreed to dismiss the second and third causes of action for ILSA violations under 15 U.S.C. Section 1703(a)(1)(C) and (d)(2), respectively, as untimely.  (Opp'n at 1 n.2.)  Accordingly, the second and third causes of action are **DISMISSED WITH PREJUDICE**.

In their first cause of action, Plaintiffs alleged violation of ILSA's anti-fraud provisions, 15 U.S.C. § 1703(a)(2)(A)-(C).  In this regard, ILSA prohibits any developer or agent directly or indirectly in connection with a sale:

> (A) to employ any device, scheme, or artifice to defraud;

> (B) to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale or lease) not misleading, with respect to any information pertinent to the lot or subdivision; [or]

> (C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser; . . ..

Plaintiffs' theory in this regard is that not only did Defendants fail to include the requisite provisions in the Contract and the Property Report, but they included and otherwise disseminated information to Plaintiffs indicating they did not have a right of rescission as provided by ILSA.[2]  For example, rather than to include the broad automatic right to rescission language mandated by the regulations, 24 C.F.R. § 1710.105(d)(2)(iv) ("Under Federal law you may cancel your contract or agreement of sale at any time within two years of the date of signing."), they included a narrower provision, "If the escrow has not closed on your Room Unit within two (2) years less one (1) day from the date of your Purchase Agreement, you may request the return of your purchase money deposit."  (Compl. Ex. C, Public Report at 13.)  While the federal right to rescind is independent of closing, Defendants' provision was conditioned on the timing of closing.  Furthermore, in or about August 2007,

---

[2]    In light of Plaintiffs' voluntary dismissal on statute of limitations grounds of the second and third causes of action for violation of ILSA's property report and notice of opportunity to cure default provisions, 15 U.S.C. § 1703(a)(1)(C) & (d)(2), Defendants argue the first cause of action for violation of ILSA's anti-fraud provisions, 15 U.S.C. § 1703(a)(2)(A)-(C), is essentially co-extensive with the second and third causes of action and serves merely to circumvent their shorter statute of limitations.  *Cf.* 15 U.S.C. § 1711(a)(1) & (b) (applicable to the second and third causes of action) *with id.* § 1711(a)(2) (applicable to the first cause of action).  The Court disagrees.  Because the first cause of action is not based only on Defendants' alleged non-disclosures as mandated by 15 U.S.C. Section 1703(a)(1)(C) and (d)(2), but includes allegations of affirmative misrepresentations in an effort to conceal Plaintiffs' statutory right of rescission, the first cause of action is broader and qualitatively different from the second and third causes of action.

- 5 -

1    Playground distributed a document entitled "Closing – It's Time to Make Your Move" ("Closing

2    Notice") which included the following statement:  "[I]f you don't close on the date to be announced

3    by the developer, you will be in default and lose your deposit."  (Compl. at 15.)  This statement is

4    contrary to the rescission right granted Plaintiffs by the ILSA.

5         Defendants maintain that Plaintiffs' claim for violation of ILSA's anti-fraud provisions is time

6    barred under their three-year statute of limitations:

7         No action shall be maintained under section 1709 of this title with respect to–
          . . .
8         (2) a violation of subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of section 1703 of this
          title more than three years after discovery of the violation or after discovery should
9         have been made by the exercise of reasonable diligence.

10   15 U.S.C. § 1711(a)(2).  Defendants argue the statute started to run when Plaintiffs signed their

11   Contracts, which omitted the requisite rescission language.  Because the Contracts were signed in or

12   about May 18, 2006 (*see* Compl. Exs. A & B), the three-year statute of limitations expired in 2009,

13   well before the filing of this action on May 18, 2011.

14        Plaintiffs contend the statute of limitation did not accrue until later or, alternatively, it was

15   tolled. First, Plaintiffs argue the statute did not accrue until later because Defendants' ILSA violations

16   were continuing.  The last act of the continuing violation alleged by Plaintiffs is the misleading

17   statement made in the Closing Notice in August 2007.  (Compl. at 15.)  This is insufficient to bring

18   the ILSA claim within the three-year period.  To the extent Plaintiffs contend the violations continued

19   after August 2007, they do not allege any acts and do not cite any legal authority for the implied

20   premise that Defendants had a duty to make disclosures after August 2007.  *See Ward v. Caulk*, 650

21   F.2d 1144, 1147 (9th Cir. 1981) ("A continuing violation is occasioned by continual unlawful acts,

22   not by continual ill effects from an original violation.").  In the absence of factual allegations

23   regarding any acts or duty to disclose after August 2007, Plaintiffs' continuing violation argument is

24   insufficient to overcome the statute of limitations bar.

25        Second, Plaintiffs maintain their claim did not accrue, and the statute of limitations did not

26   begin to run, until after their statutory right to rescind had expired on May 18, 2008, at the earliest,

27   because this is when they suffered harm from Defendants' alleged wrongdoing.  This argument is

28

1    contradicted by the language of the statute of limitations itself, which expressly states the three year

2    period commences upon the discovery of the violation or when the discovery should have been made.

3    / / / / /

4    15 U.S.C. § 1711(a)(2).  Plaintiffs have cited no legal authority for the proposition that this statute

5    begins to run at a different time.

6            Third, Plaintiffs claim their action is timely because they did not discover the violations until

7    recently.  Defendants counter Plaintiffs should have discovered the violations when they signed the

8    Contract.  They reason that it is apparent on the face of the Contract that Defendants did not include

9    the provision regarding Plaintiffs' right to cure default and were therefore required by law to include

10   the notice of statutory right to rescind in the Public Report.  That the notice was not included is

11   apparent on the face of the Public Report.  Accordingly, Defendants argue that all facts which form

12   the basis for Plaintiffs' claim were available to Plaintiffs at the time they signed the Contract, and the

13   only information they apparently lacked was advice from an attorney regarding the legal significance

14   of those facts.  They rely on *Howard v. Sun Oil Co.*, 404 F.2d 596 (5th Cir. 1969), for the proposition

15   that ignorance of the law is not sufficient to justify extending the statute of limitations based on

16   discovery.  *Howard*, however, is unpersuasive, because it was decided under Mississippi state law.

17           Moreover, Defendants' argument assumes that Plaintiffs' case is based only on the non-

18   disclosure of the statutory rescission notice.  This is not so.  Plaintiffs claim Defendants not only

19   omitted the notice, but instead included affirmatively misleading rescission provisions.  The Contract

20   included a cancellation clause allowing a purchaser to cancel his or her offer to purchase and receive

21   a full refund of the initial deposit "until midnight of the third (3rd) calendar day after the day on which

22   buyer signs the contract, by notifying seller in the manner provided in this contract."  (Compl. at 13

23   & Ex. A (Contract at 12).)  The Property Report includes a rescission provision which is conditioned

24   on the timing of the close of escrow.  (Compl. Ex. C (Property Report at 13).)   Finally, the Closing

25   Notice informed Plaintiffs they had to close escrow as scheduled or they would lose their deposits.

26   (Compl. at 15.)

27           Plaintiffs contend they were entitled to rely on Defendants' false representations.  *See Miller*

28   *v. Thane Int'l., Inc.*, 519 F.3d 879, 887 (9th Cir. 2008) ("investors are not generally required to look

beyond a given document to discover what is true and what is not"). Even if Plaintiffs are correct, however, the Complaint offers only the barest of allegations relevant to their discovery of the ILSA claim. (*See* Compl. at 15 ("Plaintiffs did not learn of their rescission rights until 2011.").) They have not alleged any facts regarding the circumstances of their delayed discovery to show that, even with reasonable diligence, they could not have learned of their claim sooner. *See* 15 U.S.C. § 1711(a)(2) (statute begins to run upon "discovery of the violation or after discovery should have been made by the exercise of reasonable diligence"). The allegations are therefore insufficient to bring Plaintiffs within the delayed discovery provision of the statute of limitations.

Finally, Plaintiffs maintain equitable tolling extends the running of the ILSA statute of limitations. Equitable tolling may apply "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" but generally does not apply "where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Although Plaintiffs have alleged some facts to show their case falls in the former category, they have not alleged any facts to suggest it does not fall in the latter. The Complaint is therefore insufficient to avail Plaintiffs of equitable tolling. Based on the foregoing, the expiration of the statute of limitations appears on the face of the Complaint.

The Developer Defendants also argue that, to the extent Plaintiffs seek rescission, that remedy is no longer available to them under ILSA because it expired in 2008, two years after signing. *See* 24 C.F.R. § 1710.105(d)(2). This issue was not briefed in the moving papers, but was raised for the first time in the Developer Defendants' reply brief. Plaintiffs therefore did not have an opportunity to respond. Parties should not raise new issues for the first time in their reply briefs. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Accordingly, the Court will not consider this issue at this time.

Based on the foregoing, the motions to dismiss the first cause of action as untimely are **GRANTED**. Plaintiffs request leave to amend if any of Defendants' motions are granted, which Defendants oppose. Rule 15 advises the Court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence*

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint cannot be saved by amendment. *Id.* Because Plaintiffs may be able to allege sufficient facts regarding their discovery of Defendants' violations or in support of equitable tolling, the first cause of action is **DISMISSED WITH LEAVE TO AMEND**.

### Subdivided Lands Act

Plaintiffs' fourth cause of action for violation of the SLA is based on the same facts as their first cause of action under ILSA. The SLA, Cal. Bus. & Prof. Code § 11010(b)(5), requires every application for a public report to contain a "true statement of the terms and conditions on which it is intended to dispose of the land, together with copies of any contracts intended to be used." Plaintiffs claim Defendants violated this provision because the Property Report failed to disclose the two-year statutory right to rescind. (Compl. at 23.)

Defendants seek dismissal of this claim based on three grounds. First, they contend Plaintiffs cannot state a claim because a rescission provision was included in the Property Report. (*See* Compl. Ex. C (Property Report at 13).) As discussed above, that provision differed in material ways from the language required by federal law. Accordingly, Defendants' first argument is rejected. To the extent Defendants contend that failure to include in the Property Report the rescission language required by federal law did not amount to an SLA violation, that argument was raised for the first time in Playground's reply brief. Because Plaintiffs did not have an opportunity to respond, the Court will not consider it at this time. *See Zamani*, 491 F.3d at 997.

Second, Defendants argue the SLA claim, along with all other state law claims in this case, is preempted by ILSA. This issue was raised for the first time in the Developer Defendants' reply brief, and will therefore not be considered at this time.

1    Third, Defendants maintain the SLA claim is time barred.  They rely on California Code of

2    Civil Procedure 338(a), which provides a three-year statute of limitations for "action[s] upon a liability

3    created by statute."   Plaintiffs, on the other hand, argue the applicable statute, at least with their

4    request

5    / / / / /

6    to rescind their respective Contracts,[3] is section 337(3), which provides a four-year period for "an

7    action based upon the rescission of a contract in writing."

8    Courts most often apply the three-year "statutory" statute of limitations in situations
     in which the statute itself, and not a contract or general principles of tort law, serves

9    as the source of the court's rule of decision if the court reaches the merits.  Similarly,
     courts commonly apply "contract" statutes of limitations (*e.g.*, Code Civ. Proc., § 337,

10   subd. 1) in cases in which they would treat a contract as the source of the substantive
     rights or duties of the litigants.  If a contract is the source of substantive rights or

11   duties, the "contract" statute of limitations applies even if the Legislature has, in a
     given context, modified the remedies which a court would ordinarily afford in a

12   contract action.

13   *County of San Diego v. Sanfax Corp.*, 19 Cal.3d 862, 877-78 (1977) (citations omitted).  Plaintiffs'

14   fourth cause of action is premised on Defendants' violation of the SLA and does not arise from

15   contract.  The three-year statute of limitations for statutory violations therefore applies to the SLA

16   claim, including Plaintiffs' request for rescission.

17   Under the SLA, the statute of limitations accrues "not earlier than the time of recording" the

18   deed.  Cal. Bus. & Prof. Code § 11021.  Most Plaintiffs closed escrow in the late summer or fall of

19   2007.  (Compl. at 3.)  If the three-year statute is triggered from close of escrow, this action was time

20   barred before its filing on May 18, 2011.

21   Plaintiffs argue, however, the commencement of the three-year statute of limitations is delayed

22   for the same reasons as with respect to their first cause of action under ILSA.  To the extent Plaintiffs

23   rely on the continuing violation theory, their argument suffers from the same infirmities – the last act

24   in violation of the statute alleged in the Complaint occurred in or about August 2007, and they have

25   not presented any grounds for Defendants' continuing duty to disclose.

26

27

28        [3]    In their fourth cause of action, Plaintiffs request either rescission of their respective
     Contracts, or damages caused by Defendants' wrongful conduct.  (Compl. at 24.)

- 10 -

1        Second, Plaintiffs argue their claim did not accrue until their statutory right to rescind had

2   expired on May 18, 2008, at the earliest, because this is when they suffered harm from Defendants'

3   wrongdoing.  "[S]tatutes of limitation do not begin to run until a cause of action accrues."  *Fox v.*

4   *Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 806 (2005); Cal. Code Civ. Proc. 312.  "The general rule

5   for defining the accrual of a cause of action sets the date as the time when, under the substantive law,

6   the wrongful act is done, or the wrongful result occurs, and the consequent liability arises.  In other

7   words, it sets the date as the time when the cause of action is complete with all of its elements."

8   *Norgart v. Upjohn Co*., 21 Cal.4th 383, 397 (1999) (internal quotation marks, ellipsis and citations

9   omitted).  Plaintiffs maintain they did not suffer damages and therefore could not bring the SLA claim

10   until their two-year right to rescind had expired.  They do not support this theory with any legal

11   citations.  Furthermore, the premise that they did not suffer any damages sufficient for accrual of the

12   claim appears to be contradicted by the damage allegations in the Complaint, which include "financial

13   expenditures related to the ownership of their Units at the Hard Rock, travel expenses, the decrease

14   in value of their respective Units and the loss of business opportunities."  (Compl. at 16.)  Plaintiffs

15   have provided no facts or legal argument to suggest they did not suffer any of these damages until

16   after their statutory right to rescind had expired.  The argument that the SLA claim did not accrue until

17   May 18, 2008 is therefore rejected.

18        Finally, Plaintiffs rely on the delayed discovery doctrine.  Under California law,

19       The discovery rule only delays accrual until the plaintiff has, or should have, inquiry
         notice of the cause of action. . . . [P]laintiffs are charged with presumptive knowledge

20       of an injury if they have information of circumstances to put them on inquiry or if they
         have the opportunity to obtain knowledge from sources open to their investigation.  In

21       other words, plaintiffs are required to conduct a reasonable investigation after
         becoming aware of an injury, and are charged with knowledge of the information that

22       would have been revealed by such an investigation.

23   *Fox*, 35 Cal.4th at 807-08 (internal quotation marks, ellipsis, footnote and citations omitted).  In this

24   regard, "[i]t is irrelevant that the plaintiff is ignorant of the legal theories underlying his cause of

25   action," or that "an attorney has not yet advised him."  *Gutierrez v. Mofid*, 39 Cal.3d 892, 897-98

26   (1985), quoted in *Norgart*, 21 Cal.4th at 398 n.2.

27        Defendants argue Plaintiffs must plead delayed discovery with specificity as required by

28   California law.  (*See* Developer Defs' Reply at 10.)  This argument is precluded by the *Erie* doctrine.

Although California substantive law applies to state law claims in this diversity action, *see Intri-Plex Technol., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) & *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), where an issue is directly covered by Federal Rules of Civil Procedure, federal law controls.  "The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003), citing *Hanna v. Plumer*, 380 U.S. 460 (1965).  Accordingly, the notice pleading standard under Rule 8(a)(2) applies to Plaintiffs' allegations of discovery.  Notice pleading does not require a plaintiff to plead all facts necessary to carry the plaintiff's burden, *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), *reversed on other grounds*, __ U.S. __, 131 S. Ct. 2074 (2011), or detailed factual allegations, *Twombly*, 550 U.S. at 555. However, Plaintiffs alleged no more than they discovered in 2011 that their statutory rescission right had expired.  (*See* Compl. at 5, 15.)  Even under the liberal standard of notice pleading, this is insufficient to plead around the statute of limitations.

Based on the foregoing, Defendants' motions to dismiss the SLA claim are **GRANTED**. However, because Plaintiffs could potentially allege sufficient facts to bring this claim within the statute of limitations, *see Foman*, 371 U.S. at 182, the claim is **DISMISSED WITH LEAVE TO AMEND**.

### Fraud and Negligence

Plaintiffs' theory of fraud is based on the same facts as their ILSA claim.  They contend Defendants intentionally omitted the statutory notice of right to rescind from the documents and engaged in affirmative misrepresentations regarding Plaintiffs' right to rescind to prevent them from exercising it.  (Compl. at 24 & 16.)  Plaintiffs' alternative negligence claim is that Defendants negligently failed to disclose the right to rescind.  (*Id*. at 24-25.)  Defendants challenge these claims based on the statute of limitations and insufficient specificity of the fraud allegations.

For purposes of the pending motions, the parties  agree the three-year statute of limitations for fraud applies to both claims.  *See* Cal. Code Civ. Proc. 338(d).  Similarly to the ILSA statute of limitations, under section 338(d), the cause of action "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud . . .."  In support of their argument

that the fraud and negligence claims were timely filed, Plaintiffs rely on the same arguments as before – that the claims did not accrue until the statutory right of rescission had expired, that Defendants engaged in continuing violations, and that Plaintiffs did not discover the fraud until 2011. These arguments are unavailing for the same reasons they were unavailing in the context of the ILSA and SLA claims.

/ / / / /

Defendants also maintain Plaintiffs failed to plead fraud with sufficient specificity. Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Defendants' main complaint in this regard is that the allegations are made against them collectively and do not describe the role of each Defendant in the alleged fraud.

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Swartz v. KPMG, LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks, ellipsis, bracket and citations omitted). Plaintiffs' fraud allegations are deficient in this regard.

Defendants further contend Plaintiffs did not sufficiently allege justifiable reliance. Justifiable reliance is an element of fraud under California law. *See Lazar v. Super. Ct. (Rykoff-Sexton, Inc.)*, 12 Cal.4th 631, 638 (1996). While Rule 9(b) does not require justifiable reliance to be pled with specificity, it appears Plaintiffs did not allege at all that they relied on Defendants' misleading representations regarding the right to rescind. (*See, e.g.,* Compl. at 15, 24.)

Defendants also argue Plaintiffs did not allege scienter with sufficient particularity. Knowledge of falsity of the representations, *i.e.*, scienter, is another element of fraud. *Lazar*, 12 Cal.4th at 638. Defendants rely on *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), for the proposition that scienter must be alleged with particularity. They are mistaken. *Tellabs* is a securities fraud case addressing the pleading requirements of the Private Securities Litigation Reform Act, which expressly requires that facts evidencing scienter be alleged with particularity. 551 U.S. at 313-14, citing 15 U.S.C. § 78u-4(b)(2). Plaintiffs have not brought a securities fraud, but a common

law fraud claim under California law.  The pleading requirements for this claim are set forth in Rules 8 and 9.  *See Vess*, 317 F.3d at 1102.  Under these standards, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. Proc. 9(b).  Plaintiffs alleged "Defendants knowingly and willfully devised and carried out a common plan, scheme or artifice to defraud members of the Class.  The purpose of this common plan was to induce members of the Class to not

/ / / / /

exercise their statutory two-year right to rescind . . . ."  (Compl. at 16.)  This is sufficient to generally allege scienter.

Finally, Defendants argue Plaintiffs did not plead damages with specificity.  This argument, unsupported by any legal citation, was raised for the first time in the Developer Defendants' reply.  Because Plaintiffs did not have an opportunity to respond to it, it will not be addressed at this time.

Based on the foregoing, Defendants' motions to dismiss the fraud and negligence claims are **GRANTED** on statute of limitations grounds.  To the extent Defendants seek dismissal of the fraud claim, the motions are granted on the additional grounds that Plaintiffs did not sufficiently identify the role of each Defendant in the alleged fraudulent scheme and failed to allege justifiable reliance.  Because it appears that Plaintiffs may be able to allege timely fraud and negligence claims, and correct the pleading deficiencies in their fraud claim, these claims are **DISMISSED WITH LEAVE TO AMEND**.

### Unfair Competition

Plaintiffs' final cause of action is for UCL violations.  They alleged Defendants engaged in unlawful business practices because they violated the ILSA and SLA, and in unfair and deceptive practices because they concealed the statutory right of rescission from Plaintiffs.  (Compl. at 25-26.)  Defendants argue this claim is time barred under the applicable four-year statute of limitations.  Cal. Bus. & Prof. Code § 17208.  The statute begins to run upon accrual of the cause of action.  *Id*.

Plaintiffs contend the claim was timely filed on May 18, 2011, because in August 2007 Playground sent the Closing Notice to Plaintiffs, which allegedly misrepresented the statutory

rescission rights.  Defendants counter that the continuing violation doctrine does not apply to UCL claims and that they accrue with the first violation.  *Aryeh v. Canon Bus. Solutions*, 185 Cal. App. 4th 1159 (2010) (holding no delayed discovery rule or continuing violation doctrine for UCL claims, but possibly equitable tolling); *review granted*, 116 Cal. Reptr. 3d 881 (Cal. Oct. 20, 2010).  In this regard, Defendants contend the first alleged violation occurred in 2006, when the notice of right of cure default was not included in the Contracts and the statutory right to rescind was not included in the Property Report.  Defendants acknowledge, however, that the issue of accrual of the UCL statute of limitations, including applicability of the discovery rule and continuing violation doctrine, is currently pending before the California Supreme Court, and further light is likely to be shed on these issues. (Developer Defs' Mem. of P. & A. at 12 n.2; Playground Reply at 8 n.6.)

Because it is possible that the UCL claim is not barred by the statute of limitations, Defendants' motion to dismiss this claim is **DENIED** without prejudice to raising the timeliness issue again after California Supreme Court has issued its decision.

### Agency

Plaintiffs' theory of liability against Playground and the Erskines is that they allegedly acted as agents for the Developer Defendants under the ILSA.  (Compl. at 3.)  Although Plaintiffs alleged Playground was Hard Rock's real estate broker, they did not allege any factual basis for the Erskines' agency relationship with the Developer Defendants or their role in the sale process.  Accordingly, the Erskines' motion to dismiss is **GRANTED**.  Because it may be possible for Plaintiffs to amend the Complaint in this regard, the claims against the Erskines are **DISMISSED WITH LEAVE TO AMEND**.

Finally, Playground argues Plaintiffs cannot state a claim under the ILSA against it as a matter of law because real estate agents generally are not responsible for ILSA compliance.  This argument appears for the first time in Playground's reply and will therefore not be considered at this time.

### Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The motion to dismiss filed by Tarsadia Hotels, Tushar Patel, B.U. Patel, Gregory Casserly, 5th Rock, LLC, MPK One, LLC, and Gaslamp Holdings, LLC is **GRANTED IN PART AND**

1   **DENIED IN PART**; the motion to dismiss filed by Playground Destination Properties, Inc. is

2   **GRANTED IN PART AND DENIED IN PART**; and the motion to dismiss filed by Josh and Shane

3   Erskine is **GRANTED**.

4          2. The second and third causes of action are **DISMISSED WITH PREJUDICE.** The first,

5   fourth and fifth causes of action are **DISMISSED WITH LEAVE TO AMEND**. If Plaintiffs choose

6   to amend the Complaint, they must file and serve it no later than **December 22, 2011**.

7   / / / / /

8          3. Defendants shall respond to the amended complaint, if any, within the time set forth in

9   Federal Rule of Civil Procedure 15(a)(3).  If Plaintiffs choose not to file an amended complaint,

10   Defendants shall respond within the same period of time calculated from December 22, 2011.

11          **IT IS SO ORDERED.**

12

13   DATED:  December 6, 2011

14

15   HON. DANA M. SABRAW
     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28