# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN BEAVER, *et al.*, <br><br> Plaintiffs, <br> vs. <br><br> TARSADIA HOTELS, *et al.*, <br><br> Defendants. | Case No. 11cv1842 DMS (CAB) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS** |

Pending before the Court are motions to dismiss Plaintiffs' Second Amended Class Action Complaint ("Complaint") filed by: (1) Tarsadia Hotels, Tushar Patel, B.U. Patel, Gregory Casserly, 5th Rock, LLC, MPK One, LLC, and Gaslamp Holdings, LLC (collectively "Developer Defendants"); and (2) Playground Destination Properties, Inc. ("Playground"). Plaintiffs opposed the motions and Defendants replied. For the reasons which follow, both motions to dismiss are **GRANTED IN PART AND DENIED IN PART**.

**Factual and Procedural Background**

This proposed class action was brought by purchasers of condominium-hotel units at the Hard Rock Hotel & Condominium project in San Diego, California ("Hard Rock"). Hard Rock is a 12-story building containing 420 condominium-hotel units and commercial space. The public was offered an opportunity to purchase ownership interests in individual Hard Rock studios or suites. Plaintiffs filed this action on behalf of all persons who purchased units at Hard Rock between May 2006 and December 2007.

Plaintiffs claim that in connection with the sale of the units Defendants violated, among other laws, the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 *et seq*. ("ILSA") and the Subdivided Lands Act, Cal. Bus. & Prof. Code §§ 11000 *et seq*. ("SLA") by failing to disclose a two-year statutory right to rescind and by making affirmative misrepresentations regarding the right to rescind. The land on which Hard Rock was built was owned by Defendant Gaslamp Holdings, LLC, an affiliate of Defendant 5th Rock, LLC ("5th Rock"), which offered the units for sale to the public. Each Plaintiff executed a pre-printed standardized Purchase Contract and Escrow Instructions ("Contract"). The Contracts were signed on 5th Rock's behalf by Defendant MKP One, LLC ("MKP"), the managing member of 5th Rock. Defendant Tarsadia Hotels ("Tarsadia") is the parent corporation of 5th Rock and MKP, and Defendants Tushtar Patel, B.U. Patel and Gregory Casserly are Tarsadia's principals. Playground was the real estate broker for Hard Rock.

According to Plaintiffs, the ILSA and SLA were enacted to protect consumers from fraud and abuse in the sale of subdivided lots, including condominium units. Both statutes impose certain disclosure requirements on developers. If developers fail to comply, the statutes provide the purchaser with a right of rescission, other equitable relief and damages.

The developer may include in the default provision of the purchase contract a written notice of a 20-day opportunity for the purchaser to remedy default or breach of contract. If this provision is not included, the purchaser has an absolute two-year right to rescind. (Compl. at 4, citing 15 U.S.C. § 1703(d)(2).) Because Developer Defendants allegedly did not include the default remedy provision in the Contracts, Plaintiffs contend they had an absolute two-year right to rescind, which they claim must be set forth in the public report, another document required by the ILSA and SLA. (Compl. at 4 & 12, citing 15 U.S.C. § 1703(d)(2); 24 C.F.R. § 1710.105(d)(2) & Cal. Bus. & Prof. Code §§ 11010(b)(5) & 11018.) Plaintiffs allege this provision was not included in the public report they received. (Compl. at 4-5 & Ex. C (Final Subdivision Public Report ("Public Report"))). The theory of Plaintiffs' case is that Defendants violated the ILSA and SLA by intentionally omitting the statutory notice of right to rescind from sale documents and engaging in affirmative misrepresentations regarding the right to rescind to prevent Plaintiffs from exercising it. (*See, e.g., id*. at 4-5, 17.)

Plaintiffs filed this action in state court alleging ILSA and SLA violations, fraud, negligence and violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"). Defendants removed the case to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. Section 1332(d), and subsequently moved to dismiss based primarily on the statute of limitations bar. Their motions were denied in part and granted in part with leave to amend. In the operative second amended complaint, Plaintiffs allege five causes of action: (1) violation of ILSA's anti-fraud provisions, 15 U.S.C. § 1703(a)(2)(A)-(C); (2) SLA violation; (3) fraud; (4) negligence; and (5) UCL violation. Plaintiffs request damages, including punitive damages, rescission of the Contracts and restitution of all funds paid, among other things.

## **Discussion**

Defendants filed motions to dismiss the Complaint arguing it fails to adequately plead claims and is barred by the statute of limitations. Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*,749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

**Interstate Land Sales Full Disclosure Act**

In their first cause of action Plaintiffs allege violation of ILSA's anti-fraud provisions, which prohibit any developer or agent:

> (A) to employ any device, scheme, or artifice to defraud;
>
> (B) to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale or lease) not misleading, with respect to any information pertinent to the lot or subdivision; [or]
>
> (C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser; . . ..

15 U.S.C. § 1703(a)(2)(A)-(C). Plaintiffs maintain Defendants violated the anti-fraud provisions because they failed to disclose the requisite rescission provisions in the sale documents and misled Plaintiffs about their right of rescission.

Plaintiffs signed their Contracts on or about May 18, 2006. (Compl. at 3.) The Contracts did not include notice of the purchaser's 20-day opportunity to remedy default or breach of contract as allegedly required by the ILSA. (Compl. at 4, citing 15 U.S.C. § 1703(d)(2).) Instead, the Contracts included the following:

> BUYER MAY CANCEL BUYER'S OFFER TO PURCHASE THE UNIT AND THE CONTRACT RESULTING FROM SELLER'S ACCEPTANCE OF BUYER'S OFFER, AND RECEIVE A FULL REFUND OF BUYER'S INITIAL DEPOSIT UNTIL MIDNIGHT OF THE THIRD (3rd) CALENDAR DAY AFTER THE DAY ON WHICH BUYER SIGNS THIS CONTRACT . . ..

(Compl. at 14 & Contracts at 12 (emphasis in original).)

Because Developer Defendants did not include the 20-day default remedy provision in the Contracts, Plaintiffs contend they had an absolute two-year right to rescind, which was required to be disclosed in the Public Report. Plaintiffs received the Public Report on or about May 18, 2006, prior to signing their Contracts. (Compl. at 4 & 16.) They contend the Public Report had to include the following statement: "Under Federal law you may cancel your contract or agreement of sale at any time within two years of the date of signing." (Compl. at 12, quoting 24 C.F.R. § 1710.105(d)(2)(iv).) Instead, the Public Report included a different provision: "If the escrow has not closed on your Room

Unit within two (2) years less one (1) day from the date of your Purchase Agreement, you may request the return of your purchase money deposit." (Public Report at 13.)

In or about August 2007, Playground distributed a document entitled "Closing – It's Time to Make Your Move" ("Closing Notice") which included the following statement: "[I]f you don't close on the date to be announced by the developer, you will be in default and lose your deposit." (Compl. at 17.) Plaintiffs closed escrow in October 2007. (*Id*.)

The two-year period to exercise the absolute right to rescind under the ILSA started to run when Plaintiffs signed their Contracts on May 18, 2006 and expired on May 18, 2008. The provision included in the Public Report, however, was not triggered until two years *after* signing the Contract. Unlike the ILSA provision, which is independent of escrow closing, the purchasers' right to rescind as stated in the Public Report did not come into effect at all if escrow closed before May 18, 2008. Prompted by the Closing Notice, Plaintiffs closed escrow in October 2007. (*See* Compl. at 17.) Upon review of the Contracts and Public Report, it appeared to Plaintiffs that their right to rescind never arose. Plaintiffs contend that Defendants did not include the requisite rescission provision, which would have told them they had until May 18, 2008 to rescind, but included misleading provisions in their documents because they intended to prevent Plaintiffs from exercising their statutory right to rescind. Relying on Defendants' misleading representations, Plaintiffs did not discover they had a right to rescind until after it had expired and they lost the opportunity to exercise it. (*See id*. at 5 & 18.)

Playground's Liability

Playground argues Plaintiffs cannot state an ILSA claim against it because real estate agents are generally not liable under the ILSA. ILSA's anti-fraud provisions, 15 U.S.C. § 1703(a)(2)(A)-(C), explicitly impose liability on developers and their agents. *See also id.* § 1709(a). ILSA defines "agent" in pertinent part as "any person who represents, or acts for or on behalf of, a developer in selling . . . or offering to sell . . . any lot or lots in a subdivision . . ..." *Id*. § 1701(6). Playground relies on *Santidrian v. Landmark Custom Ranches, Inc.*, 655 F. Supp. 2nd 1260 (S.D. Fla. 2009), but the court in *Santidrian* expressly rejected the proposition that real estate agents can never be liable under the ILSA. *Id*. at 1267-68. Rather, the Court granted the agent's summary judgment motion

- 5 -

based on "traditional agency principles" because, among other things, the agent's involvement in the transaction was very limited and there was no evidence of any section 1703(a)(2) violation by the agent. *Id.* Here, Plaintiffs allege Playground was the seller's real estate broker at Hard Rock and the party who distributed the Public Report, Contracts and Closing Notices to them. (Compl. at 2-3 & 16-17.) Playground's argument is therefore rejected.

Nevertheless, Plaintiffs' theory of Playground's ILSA violation is flawed on a different ground. Specifically, Plaintiffs allege Playground participated in the Developer Defendants' alleged fraudulent scheme to conceal Plaintiffs' right to rescind by distributing misleading documents to Plaintiffs (*see, e.g.,* Compl. at 16-17); Plaintiffs then impute the Developer Defendants' knowledge and concealment of the buyers' right to rescind to Playground based on California Civil Code Section 2332. (Opp'n at 18.) Section 2332, however, works to impute the agent's knowledge to the principal and not *vice versa*. Cal. Civ. Code § 2332; *Godwin v. City of Bellflower*, 5 Cal. App. 4th 1625, 1629, 1631 (1992). Plaintiffs' theory of liability against Playground is therefore rejected.

Plaintiffs request leave to amend, which Defendants oppose. Rule 15 advises the Court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint cannot be saved by amendment. *Id*. Plaintiffs have not advanced any theory of liability other than the attempt to impute the Developer Defendants' knowledge. (*See* Opp'n at 18-19.) It therefore does not appear that the defect in their ILSA claim against Playground can be corrected by alleging additional facts. This claim is therefore **DISMISSED WITHOUT LEAVE TO AMEND**.

### Reliance

Defendants next argue Plaintiffs failed to allege reliance with sufficient particularity. They contend Federal Rule of Civil Procedure 9(b) governs the sufficiency of reliance allegations. Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." This requirement does not extend to the reliance element. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("the who, what, when, where and how of the misconduct charged"). Accordingly, the notice pleading requirement of Rule 8(a) applies to the allegations of reliance.

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In this regard, factual allegations in the complaint must provide fair notice of the nature of the claim and grounds on which the claim rests. *Twombly*, 550 U.S. at 556 n.3. "[A] complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041, citing *Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not include detailed factual allegations, *Twombly*, 550 U.S. at 555, or the facts necessary to carry the plaintiff's burden, *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), *rev'd on other grounds*, __ U.S. __, 131 S. Ct. 2074 (2011).

Initially, Defendants' motion to dismiss was granted based on the absence of any allegations of reliance. (Order Granting in Part and Denying in Part Defs' Mot. to Dismiss, filed Dec. 6, 2011, at 13.) Plaintiffs thereafter filed a second amended complaint and alleged they relied on Defendants' misleading representations regarding their right to rescind, which caused them to miss the opportunity to timely exercise their right to rescind under the ILSA. (*See* Compl. at 18.) Defendants question the credibility of this allegation. (*See* Developer Defs' Mot. at 15 & Reply at 9-10.) Credibility, however, is not a proper subject for a Rule 12(b)(6) motion. *See Shroyer*, 622 F.3d at 1041 (permissible grounds for dismissal). Defendants' argument that Plaintiffs did not sufficiently allege reliance is therefore rejected.

### Statute of Limitations

Defendants also challenge Plaintiffs' claims based on the statute of limitations. When the motion to dismiss is based on the statute of limitations bar, it may be granted if, "[a]ccepting as true

the allegations in the complaint, as [the Court] must when reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), . . . the running of the statute is apparent on the face of the complaint." *Huynh*, 465 F.3d at 997 (internal quotation marks and citations omitted).

The statute of limitations applicable to violation of ILSA's anti-fraud provisions is three years:

> No action shall be maintained under section 1709 of this title with respect to–
> . . .
> (2) a violation of subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of section 1703 of this title more than three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence.

15 U.S.C. § 1711(a)(2). Defendants argue the statute started to run on or about May 18, 2006, when Plaintiffs received the Public Report and signed their Contracts, which omitted the requisite rescission notice. Because this action was not filed until May 18, 2011, they contend the ILSA claim is time barred. Plaintiffs maintain their filing is timely for three reasons: (1) the statute of limitations did not begin to run until they discovered the violation in 2011; (2) they are entitled to equitable tolling; and (3) Defendants' violation was continuing at least until May 18, 2008.

*Discovery of the Violation*

The applicable statute of limitations does not begin to run until "discovery of the violation or [the time when] discovery should have been made by the exercise of reasonable diligence." 15 U.S.C. § 1711(a)(2). The discovery rule, incorporated into ILSA's statute of limitations, "arose in fraud cases as an exception to the general limitations rule that a cause of action accrues once a plaintiff has a complete and present cause of action." *Merck & Co., Inc. v. Reynolds*, __ U.S. __, 130 S.Ct. 1784, 1793 (2010) (internal quotation marks omitted) (28 U.S.C. § 1658(b)(1)). This was needed in fraud cases "where a defendant's deceptive conduct may prevent a plaintiff from even *knowing* that he or she has been defrauded. Otherwise, the law which was designed to prevent fraud could become the means by which it is made successful and secure." *Id*. at 1793-94 (internal quotation marks and citations omitted, emphasis in original). Under the discovery rule the statute begins to run "once the plaintiff did discover or a reasonably diligent plaintiff would have discovered the facts constituting the violation -- whichever comes first." *Id*. at 1798 (internal quotation marks and brackets omitted).

According to Plaintiffs, the facts constituting the ILSA violation are that Defendants' representations regarding Plaintiff's right to rescind are false. They allege they did not discover the falsity until April 2011. (Compl. at 19.) They explain that after closing escrow in October 2007 they began receiving rental income statements and "learned over time that actual rental income splits between Unit owners and the management company varied significantly" from Defendants' representations. (*Id*. at 18.) They retained counsel in the spring of 2010 and "sought legal advice concerning what their rights were in connection with their purchases at the Hard Rock." (*Id*.) This resulted in the filing of another action which alleged securities violations. (*Id*.) "Despite retaining counsel . . . Plaintiffs did not discover their ILSA two-year rescission right or Defendants' violations of ILSA and SLA . . . until Plaintiffs' former counsel introduced Plaintiffs to their current counsel, who have experience litigating ILSA claims, in or about April 2011." (*Id*. at 19.) Plaintiffs argue that under the discovery rule the statute did not begin to run until April 2011, when they obtained ILSA advice from new counsel.

Defendants counter that Plaintiffs' allegations show lack of diligence because Plaintiffs had the documents containing the allegedly false statements when they signed the Contracts in May 2006, or at the latest, when they received the Closing Notice in August 2007. Plaintiffs only lacked legal advice, which they could have sought at any time. Plaintiffs maintain they relied on Defendants' false representations and had no reason to doubt them until they obtained legal advice from counsel experienced in ILSA litigation.

Defendants' argument that everyone is presumed to know the law was expressly rejected in the context of the discovery rule. *Bibeau v. Pac. Nw Res. Found. Inc.*, 188 F.3d 1105, 1110 (9th Cir. 1999) ("What the law presumes is that everyone is aware of the obligations the law imposes on them."). Nevertheless, federal courts are "unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment." *United States v. Kubrick*, 444 U.S. 111, 122 (1979). A plaintiff "armed with the facts about the harm done to him, can protect himself by seeking advice in the . . . legal community." *Id*. at 123. To excuse him from promptly seeking professional advice after discovering that he has been harmed would undermine the purpose of statutes of limitations. *Id*.

- 9 -

Plaintiffs do not specify when they discovered they were harmed, other than to state that after closing escrow in October 2007 they began receiving rental income statements and "learned over time" that the rental income splits were not as represented. (Compl. at 18.) This prompted them to seek legal advice in spring 2010 "concerning what their rights were in connection with their purchases at the Hard Rock." (*Id.*) Learning of the misrepresentation about rental splits put Plaintiffs on inquiry notice. *See Merck*, 130 S. Ct. at 1798 (plaintiff on inquiry notice upon learning facts that "would have prompted a reasonably diligent plaintiff to begin investigating"). Plaintiffs admit that upon learning of the misrepresentation they sought legal advice regarding their rights, which would be expected to include an investigation of their remedies, including rescission. This investigation should, and eventually did, reveal the untruthfulness of Defendants' representations regarding the right of rescission.

Under the discovery rule the statute of limitations does not automatically begin to run when the plaintiff is put on inquiry notice, but when "the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered the facts constituting the violation . . . irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." *Merck*, 130 S. Ct. at 1798. (internal quotation marks omitted). Because Plaintiffs did not allege precisely when they discovered they were harmed, the Court is not in a position to determine whether seeking legal advice in spring 2010 was reasonably diligent.[1] Reading the allegations with requisite liberality, *see Huynh*, 465 F.3d at 997, it is possible that Plaintiffs did not learn they were harmed in time to diligently seek legal advice until after May 18, 2008, which would make their filing timely. The expiration of the statute of limitations is therefore not apparent on the face of the Complaint. Defendants' discovery rule arguments are rejected without prejudice to raising the issue on summary judgment.[2]

---

[1] Although Plaintiffs first received legal advice in spring 2010, they allege they were not adequately advised about their ILSA and SLA claims until 2011, when they were introduced to their present counsel. (Compl. at 19.) A plaintiff cannot successfully argue that discovery of the claim was delayed because of erroneous professional advice, because there generally is "no sound reason for visiting the consequences of such error on the defendant by delaying the accrual of the claim until the plaintiff is otherwise informed or himself determines to bring suit . . .." *Kubrick*, 444 U.S. at 124.

[2] Statute of limitations is an affirmative defense. Accordingly, on summary judgment it is Defendants' burden to show the claim is time barred, including that "a reasonably diligent plaintiff would have *discovered* the facts constituting the violation." *Strategic Diversity, Inc. v.*

- 10 -

*Equitable Tolling*

In the interest of narrowing issues which may potentially arise on summary judgment, the Court addresses Plaintiffs' argument that the statute of limitations was equitably tolled or did not accrue due to Defendants' continuing violation. Plaintiffs' equitable tolling argument is based on the same allegations as their delayed discovery theory. Defendants contend equitable tolling does not apply under the circumstances alleged by Plaintiffs. The Court agrees.

Unlike with the discovery rule, where the burden is on the defendant to show that a reasonably diligent plaintiff could have discovered the violation sooner, *Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1206 (9th Cir. 2012) (emphasis in original), citing *Merck*, 130 S.Ct. at 1799, it is the plaintiff's burden to allege facts necessary for equitable tolling, *Wasco Prods., Inc. v. Southwall Technol, Inc.*, 435 F.3d 989, 991 (9th Cir. 2006). Moreover, a higher threshold applies to equitable tolling. *See, e.g., Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("high threshold"); *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992) (equitable tolling available in "extreme cases").

> Federal courts have typically extended equitable relief only sparingly. [They] have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. [They] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin*, 498 U.S. at 96 (internal footnotes and citation omitted).

Citing *Kale v. Combined Insurance Company of America*, 861 F.2d 746 (1st Cir. 1988), Plaintiffs argue Defendants' alleged misleading disclosures tricked them into missing the opportunity to rescind and delayed the filing of their case. However, more is required under *Kale* to trigger equitable tolling. *Kale*, an age discrimination case, noted that "ignorance of . . . statutory rights, in itself, will not toll a statute of limitations." *Id*. at 752. Reasoning that equitable tolling ceases to apply once the employee is "aware that a statute has been passed that protects workers against age discrimination," the Court declined to apply equitable tolling despite the plaintiff's argument that the

---

*Alchemix Corp.*, 666 F.3d 1197, 1206 (9th Cir. 2012) (emphasis in original), *citing Merck*, 130 S.Ct. at 1799.

- 11 -

requisite notices of employees' statutory rights were insufficient because they did not include the statute of limitations. *Id*. at 754. Plaintiffs do not contend they did not know that there were any laws protecting their interests in the purchase transaction, nor can they. (*See* Public Report at 1.)

Moreover, under Ninth Circuit law, equitable tolling does not apply unless the plaintiff alleges that despite all due diligence, circumstances beyond his or her control prevented timely filing. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045-56 (9th Cir. 2011); *see also Scholar*, 963 F.2d at 267. Plaintiffs have not alleged any circumstances beyond their control. Nothing prevented them at any time from comparing the Contracts and Public Report with ILSA's requirements. *See Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (declining to apply equitable tolling in the Truth in Lending Act ("TILA") disclosure violation context.) When a plaintiff does not argue that circumstances beyond his or her control rendered it impossible to file on time, it is appropriate to reject equitable tolling at the motion to dismiss stage. *See Huynh*, 465 F.3d at 1004. Furthermore, to the extent Plaintiffs intended to invoke equitable estoppel, they would have to allege that Defendants' conduct "above and beyond the wrongdoing upon which the plaintiff's claim is filed" prevented timely filing. *Id*. at 1046. Plaintiffs contend Defendants' alleged wrongdoing alone delayed them in ascertaining and asserting their rights. Their allegations therefore preclude the application of equitable tolling or equitable estoppel.

*Continuing Violation*

Plaintiffs also contend their action is timely because Defendants had a continuing duty to disclose the right to rescind and that their failure to do so was a continuing violation. They make two arguments in support of this contention, neither of which is persuasive.

First, Plaintiffs rely on 24 C.F.R. Section 30.55, a federal regulation which provides that for purposes of calculating the amount of civil money penalties each day that an ILSA violation continues is considered a separate violation up to a set maximum per year per person. This regulation has no application to the pending action because it relates to administrative actions for penalties. In contrast, the pending case is a private enforcement action by purchasers for alleged violations of section 1703(a). In addition to providing for private enforcement of 15 U.S.C. Section 1703 by purchasers and lessees, 15 U.S.C. § 1709, the ILSA empowered the Secretary of Housing and Urban

Development ("HUD")[3] to commence administrative proceedings to impose civil money penalties for any ILSA violation, *id*. § 1717a. Separate statutory provisions and regulations govern administrative penalty proceedings. *See* 15 U.S.C. §1717a(b) - (d) & (g); 24 C.F.R. § 30.1 *et seq*. The statute of limitations at issue applies only to private enforcement actions. *See* 15 U.S.C. § 1711. By contrast, section 30.55 of the regulations implements the administrative penalty provisions, and has no application here. Plaintiffs have cited no legal authority which applies 24 C.F.R. Section 30.55 to extend the statute of limitations for private enforcement actions.

Plaintiffs' second argument is based on the theory that a continuing duty of disclosure is implied in the language of section 1703(a)(2)(B), which prohibits developers or agents "to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made . . . not misleading, . . .." Based on this provision Plaintiffs argue there is a continuing duty of disclosure which is breached each day a developer or agent fails to correct a misleading statement. Plaintiffs do not suggest any end to the continuing duty and cite no legal authority in support of this argument. (*See* Opp'n at 12-13.)

Neither side cites any case law addressing the continuing violation doctrine in the ILSA context, and the Court is not aware of any. Generally, "[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981). Similarly, the continuing violation theory arising from failure to correct a disclosure violation has been rejected in the TILA context as "unrealistically open-ended." *King v. California*, 784 F.2d 910, 914 (9th Cir. 1986).

The last unlawful act alleged by Plaintiffs is the Closing Notice distributed in August 2007. Escrows were closed in October 2007. Because this action was filed more than three years after the last alleged unlawful act, the continuing violation doctrine does not assist Plaintiffs.

### Fraud and Negligence

Plaintiffs' fraud claim is based on the same facts as their ILSA claim. They contend Defendants intentionally omitted the statutory notice of right to rescind from the documents and

---

[3] The 2010 amendments to the ILSA replaced the Secretary of HUD with the Director of the Bureau of Consumer Financial Protection. Pub. L. 111-203 § 1098A(4)(A).

- 13 -

engaged in affirmative misrepresentations regarding Plaintiffs' right to rescind to prevent them from exercising it. Their alternative negligence claim is that Defendants negligently failed to disclose the right to rescind. (Compl. at 27.) Defendants challenge these claims based on insufficiency of fraud allegations and statute of limitations bar.

### Sufficiency of the Allegations

Playground contends, among other things, that Plaintiffs failed to allege Playground knew or should have known that the right to rescind representations in the documents it distributed to Plaintiffs were false. Knowledge of falsity is an element of fraud under California law. *See Lazar v. Super. Ct. (Rykoff-Sexton, Inc.)*, 12 Cal.4th 631, 638 (1996). Plaintiffs' theory of fraud liability against Playground is based on imputing the Developer Defendants' knowledge and concealment of the buyers' right to rescind to Playground based on California Civil Code Section 2332. For the reasons stated in the context of the ILSA claim, Plaintiffs' argument is rejected, and the fraud claim against Playground is **DISMISSED WITHOUT LEAVE TO AMEND**.

Defendants also maintain Plaintiffs failed to plead reliance with specificity. This argument is also rejected for the reasons stated in the context of the ILSA claim.

### Statute of Limitations

As with the ILSA claim, Defendants maintain that the fraud and negligence claims are time barred. For purposes of the pending motions, the parties agree the three-year statute of limitations for fraud applies to both claims. *See* Cal. Code Civ. Proc. 338(d). Like the ILSA, the fraud statute of limitations incorporates the discovery rule. A fraud claim "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud . . .." *Id*.

Plaintiffs' argument for delayed discovery is the same as with respect to their ILSA claim. The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 807 (2005). Unlike federal law, under California law "[a] plaintiff has reason to discover a cause of action when he or she

has reason at least to suspect a factual basis for its elements."[4] *Id*. (internal quotation marks and citation omitted); *see O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2001) (California standard "fundamentally distinct" from federal standard). Furthermore, "[t]he discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Fox*, 35 Cal.4th at 807; *cf. Merck*, 130 S. Ct. at 1798 (federal standard). "It is irrelevant that the plaintiff is ignorant of the legal theories underlying his cause of action," or that "an attorney has not yet advised him." *Gutierrez v. Mofid*, 39 Cal.3d 892, 897-98 (1985), quoted in *Norgart*, 21 Cal.4th at 398 n.2.

The relevant inquiry therefore is when did Plaintiffs have a suspicion that they had been harmed by wrongdoing. *See Fox*, 35 Cal.4th at 807. According to their allegations, this occurred when they discovered some time after the close of escrow that the rental income splits were not as represented. (*See* Compl. at 18.) Because they do not specify the precise time, the Court is not in a position to determine whether this occurred before or after May 18, 2008. The expiration of the statute of limitations is therefore not apparent on the face of the Complaint. Defendants' discovery rule arguments are therefore rejected, without prejudice to renewing the issue on summary judgment.

## Subdivided Lands Act

Plaintiffs' SLA violation claim is based on the same facts as their first cause of action under the ILSA. The SLA, Cal. Bus. & Prof. Code §§ 11000 - 11200, requires sellers of subdivided lands to file an application for a public report with the California Department of Real Estate ("DRE") and include certain information in the application. *Id*. § 11010. The information provided in the application is included in the public report issued by the DRE. *Id*. § 11018. Plaintiffs claim Defendants violated these provisions because the Public Report failed to disclose the absolute two-

---

[4] The reference to the "elements of a cause of action" is generic, and "we do not take a hypertechnical approach to the application of the discovery rule. Rather than examining whether the plaintiffs suspect facts supporting each specific legal element of a particular cause of action, we look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them." *Fox*, 35 Cal.4th at 807.

year right to rescind as required by the ILSA. (Compl. at 25.) Defendants argue they complied and the SLA does not require them to make disclosures required by the ILSA.[5]

The only requirement at issue is that the application must include "[a] true statement of the terms and conditions on which it is intended to dispose of the land." Cal. Bus. & Prof. Code § 11010(b)(5). Defendants assert the Public Report in fact included a true statement of the terms and conditions on which they intended to sell the units, albeit it may not have been in compliance with the ILSA. Plaintiffs do not dispute this, but argue that to accept Defendants' argument would encourage developers to conceal the purchasers' ILSA rescission rights. They point to no SLA provision or DRE regulation requiring Defendants to make disclosures required by the ILSA, and cite to no case law supporting their argument.[6] The argument is therefore rejected. To the extent Defendants violated the ILSA, Plaintiffs have recourse under that statue. Because it does not appear that Plaintiffs can allege additional facts to state an SLA claim, the claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

### Unfair Competition

Plaintiffs' final claim is under California's UCL. They allege Defendants engaged in unlawful business practices because they violated the ILSA and SLA, and Defendants engaged in unfair and deceptive practices because they concealed the statutory right of rescission from Plaintiffs. (Compl. at 28-29.)

---

[5] Playground also argues Plaintiffs cannot state a claim against it because the SLA does not impose any duties on agents. The Court agrees. Plaintiffs contend Playground is liable under California Civil Code Section 2343(3) as the Developer Defendants' agent whose acts were "wrongful in their nature." This argument is rejected for two reasons. First, an agent's act is not wrongful in its nature unless it is proscribed by statute which expressly refers to agents. *See Otanez v. Blue Skies Mobile Park*, 1 Cal. App. 4th 1521, 1526 (1991). The only provision at issue, section 11010, imposes duties on sellers and does not reference agents. Second, to the extent Plaintiffs rely on California Civil Code Section 2332 to impute the Developer Defendants' knowledge that the statements regarding the right of rescission were misleading, the argument is rejected for the reasons stated in the context of the ILSA claim.

[6] Given that the DRE regulations include their own notice of right to rescind provision, which differs from, and does not reference, the ILSA, 10 Cal. Code Regs. § 2792.31, it is unlikely that the SLA was intended to incorporate ILSA's provisions.

The UCL prohibits unlawful, unfair or fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200. "[I]t establishes three varieties of unfair competition - acts or practices which are unlawful, or unfair, or fraudulent." *Cal-Tech. Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999).

"An unlawful business practice under section 17200 is an act or practice, committed pursuant to a business activity, that is at the same time *forbidden by law*." *Progressive W. Ins. Co. v. Super. Ct. (Preciado)*, 135 Cal. App. 4th 263, 287 (2006) (emphasis in original). Plaintiffs allege that Defendants' practices or acts were unlawful because they violated the ILSA and SLA. Playground argues the UCL claim should be dismissed because the ILSA and SLA claims should be dismissed. As discussed above, Plaintiffs cannot state an ILSA or SLA claim against Playground. Accordingly, the UCL claim against Playground fails to the extent it is based on these claims.

However, Plaintiffs also allege that Defendants' acts or practices were unfair. "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006). Because the "unfair" prong of Plaintiffs' UCL claim does not necessarily depend on the success of their ILSA and SLA claims, Playgrounds' argument is rejected.

Defendants also argue that the UCL claim is time barred under the applicable four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. The parties disagree regarding the accrual of this claim and the applicability of the continuing violation doctrine. These issues are pending before the California Supreme Court. *See Aryeh v. Canon Bus. Solutions*, 185 Cal. App. 4th 1159 (2010) (holding no delayed discovery rule or continuing violation doctrine for UCL claims, but possibly equitable tolling); *review granted*, 116 Cal. Reptr. 3d 881 (Cal. Oct. 20, 2010). Because it is possible that the UCL claim is not barred by the statute of limitations, Defendants' statute of limitations arguments are reserved until the California Supreme Court issues its decision.

## Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The motion to dismiss filed by Tarsadia Hotels, Tushar Patel, B.U. Patel, Gregory Casserly, 5th Rock, LLC, MPK One, LLC, and Gaslamp Holdings, LLC is **GRANTED IN PART AND DENIED IN PART**.

2. The motion to dismiss filed by Playground Destination Properties, Inc. is **GRANTED IN PART AND DENIED IN PART**.

3. The second cause of action for violation of the Subdivided Lands Act is **DISMISSED WITH PREJUDICE**. The first and third causes of action for violation of the Interstate Land Sales Full Disclosure Act and common law fraud are **DISMISSED WITH PREJUDICE** as to Defendant Playground Destination Properties, Inc. only.

**IT IS SO ORDERED.**

DATED: May 2, 2012

HON. DANA M. SABRAW
United States District Judge