Frederick H. Kranz (State Bar No. 055815)
Alicia N. Vaz (State Bar No. 215081)
COX, CASTLE & NICHOLSON LLP
2049 Century Park East, 28th Floor
Los Angeles, CA 90067-3284
Telephone: (310) 284-2200
Facsimile: (310) 284-2100
Email: fkranz@coxcastle.com; avaz@coxcastle.com

Attorneys for Defendants
Tarsadia Hotels; Tushar Patel; B.U. Patel; Gregory Casserly;
5th Rock, LLC; MKP One, LLC; and Gaslamp Holdings, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN BEAVER and LAURIE BEAVER, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>TARSADIA HOTELS, *et al.*,<br><br>Defendants. | Case No. 11-CV-1842-DMS-CAB<br>(related with Case No. 09-CV-2739-DMS-CAB)<br><br>**DEFENDANTS' ANSWER TO THE SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT;**<br><br>**(2) VIOLATION OF THE SUBDIVIDED LANDS ACT;**<br><br>**(3) FRAUD;**<br><br>**(4) NEGLIGENCE; AND**<br><br>**(5) UNFAIR COMPETITION**<br><br>**[DEMAND FOR JURY TRIAL]** |

Defendants TARSADIA HOTELS; TUSHAR PATEL; B.U. PATEL; GREGORY

CASSERLY; 5TH ROCK, LLC; MKP ONE, LLC; AND GASLAMP HOLDINGS, LLC

("Defendants") answer the Second Amended Class-Action Complaint ("SAC") of Plaintiffs DEAN

BEAVER and LAURIE BEAVER, *et al.* ("Plaintiffs") as follows:

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA

63353\4164164v1

DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

1.    Defendants admit the allegation in Paragraph 1 that this lawsuit involves the purchase and sale of condominium-hotel unties at the Hard Rock Hotel in San Diego. Defendants deny that they failed to disclose or intentionally concealed that the buyers had a right to rescind their purchase contracts. The other allegations in Paragraph 1 are legal conclusions and/or argument to which no response is required.

2.    Defendants admit the allegations in Paragraph 2 that 5th Rock, LLC is the seller identified in the purchase contracts, MPK One, LLC is the managing member of 5th Rock, LLC and that Tushar Patel is the Chairman of Tarsadia Hotels, B.U. Patel is the Vice-Chairman and Founder of Tarsadia Hotels and Gregory Casserly is the President of Tarsadia Hotels. Defendants lack information or belief sufficient to answer the allegations in Paragraph 2, and on that basis deny each and every other allegations in Paragraph 2.

3.    Defendants admit the allegation in Paragraph 3 that Plaintiffs executed Purchase Contracts and Escrow Instructions for the purchase of one or more units at the Hard Rock. Defendants further admit that most closed escrow on their units in the summer or fall of 2007. Defendants state that the Contracts that appear to be signed by plaintiffs Dean and Laurie Beaver and Steven Adelman and Abram Aghachi, which are in writing, speak for themselves and are the best evidence of their terms, provisions and contents. Defendants lack information or belief sufficient to answer the remaining allegations in Paragraph 3, and on that basis deny each and every other allegation in Paragraph 3.

4.    Defendants lack information or belief sufficient to answer the allegation pertaining to why this lawsuit arose, and on that basis deny the first sentence of Paragraph 4. With respect to all other allegations contained in Paragraph 4, Defendants deny each of those allegations.

5.    The allegations in Paragraph 5 are legal conclusions and/or argument to which no response is required.

6.    The allegations in Paragraph 6 are legal conclusions and/or argument to which no response is required.

7.    The allegations in Paragraph 7 and/or argument are legal conclusions to which no response is required.

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA

63353\4164164v1

- 2 -

DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

1           8.      The allegations contained in the first two sentences and the last sentence of

2   Paragraph 8 are legal conclusions and/or argument to which no response is required.  With respect to

3   all other allegations contained in Paragraph 8, Defendants deny each of those allegations.

4           9.      Defendants deny each and every allegation contained in Paragraph 9.

5           10.      The allegations contained in the first and last sentences of Paragraph 10 are

6   legal conclusions and/or argument to which no response is required.  Defendants admit that Plaintiffs

7   and the Class members received the Final Subdivision Public Report, File No. 120249LA-F00 issued

8   by the DRE on April 4, 2006, and that the Public Report is attached to the SAC as Exhibit C.

9           11.      The allegations in Paragraph 11 are legal conclusions and/or argument to which

10  no response is required.  To the extent, Paragraph 11 contains any factual allegations that require a

11  response, Defendants deny each and every such allegation.

12          12.      The allegations in Paragraph 12 are legal conclusions and/or argument to which

13  no response is required.  To the extent, Paragraph 12 contains any factual allegations that require a

14  response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 12

15  and, on that basis, deny each and every allegation in Paragraph 12.

16          13.      Defendants lack information or belief sufficient to answer the allegations in

17  Paragraph 13 and, on that basis, deny each and every allegation in Paragraph 13.

18          14.      Defendants lack information or belief sufficient to answer the allegations in

19  Paragraph 14 and, on that basis, deny each and every allegation in Paragraph 14.

20          15.      Defendants lack information or belief sufficient to answer the allegations in

21  Paragraph 15 and, on that basis, deny each and every allegation in Paragraph 15.

22          16.      The allegations in Paragraph 16 are legal conclusions and/or argument to which

23  no response is required.

24                  **PLAINTIFFS**

25          17.      Defendants lack information or belief sufficient to answer the allegations in

26  Paragraph 17 and, on that basis, deny each and every allegation in Paragraph 17.

27          18.      Defendants lack information or belief sufficient to answer the allegations in

28  Paragraph 18 and, on that basis, deny each and every allegation in Paragraph 18.

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA   63353\4164164v1       - 3 -       DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

1    19.    Defendants lack information or belief sufficient to answer the allegations in

2    Paragraph 19 and, on that basis, deny each and every allegation in Paragraph 19.

3    20.    Defendants lack information or belief sufficient to answer the allegations in

4    Paragraph 20 and, on that basis, deny each and every allegation in Paragraph 20.

5    21.    Defendants lack information or belief sufficient to answer the allegations in

6    Paragraph 21 and, on that basis, deny each and every allegation in Paragraph 21.

7    **DEFENDANTS**

8    22.    Defendants admit the allegations in Paragraph 22 that Tarsadia Hotels is a

9    California corporation with its headquarters in Newport Beach, California.  With respect to all other

10   allegations contained in Paragraph 22, Defendants deny each of those allegations.

11   23.    Defendants admit the allegations in Paragraph 23 that 5th Rock LLC is a

12   Delaware limited liability company and the seller of the condominium-hotel units in the Hard Rock

13   Hotel project in San Diego and that it is headquartered in Newport Beach, California.  With respect to

14   all other allegations contained in Paragraph 23, Defendants deny each of those allegations.

15   24.    Defendants admit the allegations contained in Paragraph 24.

16   25.    Defendants admit the allegations in Paragraph 25 that Gaslamp Holdings, LLC

17   is a California limited liability company and is headquartered in Newport Beach, California.  With

18   respect to all other allegations contained in Paragraph 25, Defendants deny each of those allegations.

19   26.    Defendants admit the allegations contained in Paragraph 26.

20   27.    Defendants admit the allegations contained in Paragraph 27.

21   28.    Defendants admit the allegations contained in Paragraph 28.

22   29.    Defendants lack information or belief sufficient to answer the allegations in

23   Paragraph 29 and, on that basis, deny each and every allegation in Paragraph 29.

24   30.    The allegations in Paragraph 30 are legal conclusions and/or argument to which

25   no response is required.  To the extent, Paragraph 30 contains any factual allegations that require a

26   response, Defendants deny each and every such allegation.

27

28

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA      63353\4164164v1      - 4 -

DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

1    31.    The allegations in Paragraph 31 are legal conclusions and/or argument to which

2   no response is required.  To the extent, Paragraph 31 contains any factual allegations that require a

3   response, Defendants deny each and every such allegation.

4    32.    The allegations in Paragraph 32 are legal conclusions and/or argument to which

5   no response is required.  To the extent, Paragraph 32 contains any factual allegations that require a

6   response, Defendants deny each and every such allegation.

7                                    **JURISDICTION AND VENUE**

8    33.    Defendants admit the allegations contained in Paragraph 33.

9                                    **COMMON ALLEGATIONS**

10   34.    Defendants admit the allegations in Paragraph 34 that in or about 2005,

11  5th Rock began to develop a condominium hotel commonly referred to as the Hard Rock Hotel, San

12  Diego, located at 205 Fifth Avenue in the City of San Diego, California.  Defendants also admit that

13  the project was to consist of 420 units.  Defendants further admit that the units were marketed through

14  the Internet, marketing materials, brochures, verbal statements utilizing the mail and telephone.  With

15  respect to all other allegations contained in Paragraph 34, Defendants deny those allegations.

16  **A.    Sales of subdivided parcels of land are governed by state and federal law.**

17   35.    The allegations in Paragraph 35 are legal conclusions and/or argument to which

18  no response is required.

19   36.    The allegations in Paragraph 36 are legal conclusions and/or argument to which

20  no response is required.

21   37.    The allegations in Paragraph 37 are legal conclusions and/or argument to which

22  no response is required.

23   38.    The allegations in Paragraph 38 are legal conclusions and/or argument to which

24  no response is required.

25  **B.    California developers register projects with HUD using a DRE Public Report.**

26   39.    The allegations in Paragraph 39 are legal conclusions and/or argument to

27  argument which no response is required.

28

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA       63353\4164164v1                    - 5 -

DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

40.     The allegations in Paragraph 40 are legal conclusions and/or argument to which no response is required.

41.     The allegations in Paragraph 41 are legal conclusions and/or argument to which no response is required.

42.     The allegations in Paragraph 42 are legal conclusions and/or argument to which no response is required.

**C.     Plaintiffs and Class members had an absolute right under ILSA to rescind their Contracts for two years from the date of signing.**

43.     The allegations in Paragraph 43 are legal conclusions and/or argument to which no response is required.

44.     The allegations in Paragraph 44 are legal conclusions and/or argument to which no response is required.

45.     The allegations in Paragraph 45 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 45 contains any factual allegations that require a response, Defendants deny each and every such allegation.

46.     The allegations in Paragraph 46 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 46 contains any factual allegations that require a response, Defendants deny each and every such allegation.

**D.     The Public Report fails to disclose to Plaintiffs and Class members their two-year right to rescind in violation of ILSA and the SLA and Defendants had a continuing obligation to disclose this two-year rescission right.**

47.     The allegations in Paragraph 47 are legal conclusions and/or argument to which no response is required.

48.     The allegations in Paragraph 48 are legal conclusions and/or argument to which no response is required.

49.     The allegations in Paragraph 49 are legal conclusions and/or argument to which no response is required.

50.     Defendants admit that the Public Report is attached as Exhibit C to the SAC. With respect to all other allegations contained in Paragraph 50, Defendants deny those allegations.

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA       63353\4164164v1       - 6 -       DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

51.     Defendants lack information or belief sufficient to answer the allegations in Paragraph 51 and, on that basis, deny each and every allegation in Paragraph 51.

52.     The allegations in Paragraph 52 are legal conclusions and/or argument to which no response is required.

53.     The allegations in the first sentence of Paragraph 53 are legal conclusions and/or argument to which no response is required.  Defendants admit that the Public Report states that "[s]ome material changes may require amendment of the Public Report; which Amendment must be obtained and used in lieu of this report."

54.     The allegations in Paragraph 54 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 54 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 54 and, on that basis, deny those allegations.

55.     The allegations in Paragraph 55 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 55 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 55 and, on that basis, deny those allegations.

56.     The allegations in Paragraph 56 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 56 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 55 and, on that basis, deny those allegations.

**E.      Plaintiffs' and Class members' Contracts uniformly failed to disclose the two-year right to rescind despite and obligation under the HUD regulations implementing ILSA to do so.**

57.     The allegations in Paragraph 57 are legal conclusions and/or argument to which no response is required.

58.     Defendants admit the allegation in Paragraph 58 that the Contract includes the following language:  "BUYER MAY CANCEL BUYER'S OFFER TO PURCHASE THE UNIT AND THE CONTRACT RESULTING FROM SELLER'S ACCEPTANCE OF BUYER'S OFFER, AND RECEIVE A FULL REFUND OF BUYER'S INITIAL DEPOSIT UNTIL MIDNIGHT OF

LAW OFFICES OF
**COX, CASTLE &
NICHOLSON LLP**
LOS ANGELES, CA        63353\4164164v1                                              - 7 -

DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

THE THIRD (3RD) CALENDAR DAY AFTER THE DAY ON WHICH THE BUYER SIGNS THIS CONTRACT, BY NOTIFYING SELLER IN THE MANNER PROVIDED IN THIS CONTRACT." With respect to all other allegations contained in Paragraph 58, Defendants deny those allegations.

59.     The allegation in Paragraph 59 that there is a legal obligation under the HUD regulations implementing ILSA is a legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 59 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 55 and, on that basis, deny those allegations.

**F.     The statutory two-year right to rescind was a "material" fact that had to be disclosed.**

60.     The allegations in Paragraph 60 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 60 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 60 and, on that basis, deny those allegations.

**G.     The Hard Rock is not exempt from complying with ILSA or the SLA.**

61.     The allegations in Paragraph 61 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 61 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 61 and, on that basis, deny those allegations.

62.     The allegations in Paragraph 62 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 62 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 62 and, on that basis, deny those allegations.

**H.     Defendants took affirmative steps to conceal from Plaintiffs and Class members their statutory two-year right to rescind the Contracts.**

63.     The allegations in Paragraph 63 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 63 contains any factual allegations that require a response, Defendants admit that they shared office space, officers and directors but deny the remaining allegations in Paragraph 63.

LAW OFFICES OF
**COX, CASTLE &
NICHOLSON LLP**
LOS ANGELES, CA
63353\4164164v1

1    64.    Defendants admit that a contract was used in connection with sales and the

2    Hard Rock and that a Public Report was obtained from the DRE.  With respect to all other allegations

3    contained in Paragraph 64, Defendants deny each of those allegations.

4    65.    Defendants lack information or belief sufficient to answer the allegations in

5    Paragraph 65 and, on that basis, deny those allegations.

6    66.    Defendants admit the allegations in Paragraph 66 that some would-be buyers

7    selected the units they intended to purchase at the Hard Rock on or about May 18, 2006.  With respect

8    to all other allegations contained in Paragraph 66, Defendants deny each of those allegations.

9    67.    Defendants admit that Plaintiffs and Class members received the Public report

10   and entered into their respective contracts.  With respect to all other allegations contained in Paragraph

11   67, Defendants deny each of those allegations.

12   68.    Defendants lack information or belief sufficient to answer the allegations in

13   Paragraph 68 and, on that basis, deny those allegations.

14   69.    Defendants deny the allegation in Paragraph 69 that they purposefully

15   concealed a rescission right from Plaintiffs and the Class members.  Defendants lack information or

16   belief sufficient to answer the remaining allegations in Paragraph 69 and, on that basis, deny those

17   allegations.

18   70.    Defendants lack information or belief sufficient to answer the allegations in

19   Paragraph 70 and, on that basis, deny those allegations.

20   71.    Defendants admit that Plaintiffs and Class members closed escrow on their

21   units at the Hard Rock.  Defendants lack information or belief sufficient to answer the remaining

22   allegations in Paragraph 71 and, on that basis, deny those allegations.

23   72.    Defendants lack information or belief sufficient to answer the allegations in

24   Paragraph 72 and, on that basis, deny those allegations.

25   73.    Defendants deny the allegations contained in Paragraph 73.

26   74.    The allegations in Paragraph 74 are legal conclusions and/or argument to which

27   no response is required.  To the extent, Paragraph 74 contains any factual allegations that require a

28   response, Defendants deny that they knowingly or willfully devised and carried out a common plan,

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA        63353\4164164v1                              - 9 -

DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

scheme or artifice to defraud members of the Class or intentionally misrepresented the rescission right. Defendants further deny that they purposefully concealed information from Plaintiffs or the Class members. lack information or belief sufficient to answer the allegations in Paragraph 74 and, on that basis, deny those allegations.

**I.    Even with the exercise of reasonable diligence, Plaintiffs were unable to discovery their rescission rights before April 2011 and Class members cannot be held to a higher standard.**

75.    Defendants lack information or belief sufficient to answer the allegations in Paragraph 75 and, on that basis, deny those allegations.

76.    Defendants lack information or belief sufficient to answer the allegations in Paragraph 76 and, on that basis, deny those allegations.

77.    Defendants lack information or belief sufficient to answer the allegations in Paragraph 77 and, on that basis, deny those allegations.

78.    The allegations in Paragraph 78 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 78 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 78 and, on that basis, deny those allegations.

**J.    Plaintiffs and Class members have suffered damages as a result of Defendants' wrongful conduct.**

79.    The allegations in Paragraph 79 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 79 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 79 and, on that basis, deny those allegations.

80.    Defendants lack information or belief sufficient to answer the allegations in Paragraph 80 and, on that basis, deny those allegations.

81.    The allegations in Paragraph 81 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 81 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 81 and, on that basis, deny those allegations.

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA
63353\4164164v1

- 10 -

DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

**K.     Seller and its real estate broker owed Plaintiffs and Class members a duty to disclose.**

82.     The allegations in Paragraph 82 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 82 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 82 and, on that basis, deny those allegations.

## CLASS ACTION ALLEGATIONS

83.     Defendants lack information or belief sufficient to answer the allegations in Paragraph 83 and, on that basis, deny those allegations.

84.     The allegations in Paragraph 84 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 84 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 84 and, on that basis, deny those allegations.

85.     The allegations in Paragraph 85 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 85 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 85 and, on that basis, deny those allegations.

86.     The allegations in Paragraph 86 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 86 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 86 and, on that basis, deny those allegations.

87.     The allegations in Paragraph 87 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 87 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 87 and, on that basis, deny those allegations.

88.     The allegations in Paragraph 88 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 88 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 88 and, on that basis, deny those allegations.

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA

63353\4164164v1

- 11 -

DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

# FIRST CAUSE OF ACTION

## (Violation of ILSA, 15 U.S.C. sec 1703(a)(2)(A), (B) and (C) Against All Defendants)

89.     Defendants incorporate by reference and reassert their responses to Paragraphs 1 through 88 as if fully set forth herein.

90.     The allegations in Paragraph 90 are legal conclusions and/or argument to which no response is required.

91.     The allegations in Paragraph 91 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 91 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 91 and, on that basis, deny those allegations.

92.     The allegations in Paragraph 92 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 92 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 92 and, on that basis, deny those allegations.

93.     Defendants deny the allegations contained in Paragraph 93.

94.     The allegations in Paragraph 94 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 94 contains any factual allegations that require a response, Defendants admit that the Contract includes a three day right to rescind but lack information or belief sufficient to answer the remaining allegations in Paragraph 94 and, on that basis, deny those allegations.

95.     Defendants deny the allegations contained in Paragraph 95.

96.     Defendants deny the allegations contained in Paragraph 96.

97.     The allegations in Paragraph 97 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 97 contains any factual allegations that require a response, Defendants deny the allegations in Paragraph 97.

98.     The allegations in Paragraph 98 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 98 contains any factual allegations that require a response, Defendants deny the allegations in Paragraph 98.

LAW OFFICES OF
**COX, CASTLE &
NICHOLSON LLP**
LOS ANGELES, CA
63353\4164164v1

- 12 -

DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

1           99.     Defendants lack information or belief sufficient to answer the allegations in

2 Paragraph 99 and, on that basis, deny those allegations.

3           100.    Defendants deny that they purposefully concealed the rescission rights, but lack

4 information or belief sufficient to answer the remaining allegations in Paragraph 100 and, on that

5 basis, deny those allegations.

6           101.    The allegations contained in the last sentence of Paragraph 101 are legal

7 conclusions and/or argument to which no response is required. Defendants deny any purposeful

8 deception in withholding information from Plaintiffs or the Class members, but lack information or

9 belief sufficient to answer the remaining factual allegations in Paragraph 101 and, on that basis, deny

10 those allegations.

11           102.    The allegations in Paragraph 102 are legal conclusions and/or argument to

12 which no response is required. To the extent, Paragraph 102 contains any factual allegations that

13 require a response, Defendants lack information or belief sufficient to answer the remaining

14 allegations in Paragraph 102 and, on that basis, deny those allegations.

15           103.    The allegations in Paragraph 103 are legal conclusions and/or argument to

16 which no response is required. To the extent, Paragraph 103 contains any factual allegations that

17 require a response, Defendants lack information or belief sufficient to answer the allegations in

18 Paragraph 103 and, on that basis, deny those allegations.

19 **SECOND CAUSE OF ACTION**

20 **(Violation under SLA, Bus. & Prof. Code 11000, *et seq.*, Against All Defendants)**

21           104.    The Second Cause of Action has been dismissed with prejudice and, therefore,

22 no response is required to Paragraphs 104-109 of the SAC.

23 **THIRD CAUSE OF ACTION**

24 **(Fraud Against All Defendants)**

25           105.    Defendants incorporate by reference and reassert their responses to Paragraphs

26 1 through 103 as if fully set forth herein.

27

28

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA   63353\4164164v1       - 13 -       DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

1   106.     The allegation about Defendants' "affirmative legal duty to disclose this right

2   under ILSA and the SLA" is a legal conclusion and/or argument to which no response is required.

3   Defendants deny the remainder of the allegations contained in Paragraph 111.

4   107.     Defendants deny the allegations contained in Paragraph 112.

5   108.     The allegations in the first sentence of Paragraph 113 are legal conclusions

6   and/or argument to which no response is required.  With respect to the remaining allegations in

7   Paragraph 113, Defendants lack information or belief sufficient to answer the remaining allegations in

8   Paragraph 113 and, on that basis, deny those allegations.

9   109.     The allegations in Paragraph 114 are legal conclusions and/or argument to

10  which no response is required.  To the extent, Paragraph 114 contains any factual allegations that

11  require a response, Defendants lack information or belief sufficient to answer the remaining

12  allegations in Paragraph 114 and, on that basis, deny those allegations.

13  110.     The allegations in Paragraph 115 are legal conclusions and/or argument to

14  which no response is required.  To the extent, Paragraph 115 contains any factual allegations that

15  require a response, Defendants deny those allegations.

16  ## FOURTH CAUSE OF ACTION

17  ### (Negligence Against All Defendants)

18  111.     Defendants incorporate by reference and reassert their responses to Paragraphs

19  1 through 110 as if fully set forth herein.

20  112.     The allegations in Paragraph 117 are legal conclusions and/or argument to

21  which no response is required.

22  113.     The allegations in Paragraph 118 are legal conclusions and/or argument to

23  which no response is required.  To the extent, Paragraph 118 contains any factual allegations that

24  require a response, Defendants deny those allegations.

25  114.     The allegations in Paragraph 119 are legal conclusions and/or argument to

26  which no response is required.  To the extent, Paragraph 119 contains any factual allegations that

27  require a response, Defendants lack information or belief sufficient to answer the remaining

28  allegations in Paragraph 119 and, on that basis, deny those allegations.

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA
63353\4164164v1
- 14 -
DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

1    115.    The allegations in Paragraph 120 are legal conclusions and/or argument to

2    which no response is required.  To the extent, Paragraph 120 contains any factual allegations that

3    require a response, Defendants lack information or belief sufficient to answer the remaining

4    allegations in Paragraph 120 and, on that basis, deny those allegations.

5    116.    The allegations in Paragraph 121 are legal conclusions and/or argument to

6    which no response is required.

7                                **FIFTH CAUSE OF ACTION**

8    **(Violation of UCL, Bus. & Prof. Code §§ 17200, *et seq.*, Against All Defendants)**

9    117.    Defendants incorporate by reference and reassert their responses to Paragraphs

10   1 through 116 as if fully set forth herein.

11   118.    The allegations in Paragraph 123 are legal conclusions and/or argument to

12   which no response is required.

13   119.    The allegations in Paragraph 124 are legal conclusions and/or argument to

14   which no response is required.  To the extent, Paragraph 124 contains any factual allegations that

15   require a response, Defendants deny those allegations.

16   120.    The allegations in Paragraph 125 are legal conclusions and/or argument to

17   which no response is required.  To the extent, Paragraph 125 contains any factual allegations that

18   require a response, Defendants lack information or belief sufficient to answer the remaining

19   allegations in Paragraph 125 and, on that basis, deny those allegations.

20   121.    The allegations in Paragraph 126 are legal conclusions and/or argument to

21   which no response is required.  To the extent, Paragraph 126 contains any factual allegations that

22   require a response, Defendants deny those allegations.

23   122.    The allegations in Paragraph 127 are legal conclusions and/or argument to

24   which no response is required.  To the extent, Paragraph 127 contains any factual allegations that

25   require a response, Defendants deny those allegations.

26

27

28

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA    63353\4164164v1                          - 15 -

DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

**(Failure to State a Cause of Action)**

123.    The SAC and each of its causes of action fail to state facts sufficient to state a cause of action against Defendants, including based on the failure to adequately demonstrate justifiable reliance.

**Second Affirmative Defense**

**(Laches)**

124.    The SAC and each of its causes of action are barred by the doctrine of laches.

**Third Affirmative Defense**

**(Estoppel)**

125.    Plaintiffs, by their conduct, are estopped to assert or enforce all or any part of the claims in the SAC.

**Fourth Affirmative Defense**

**(Unclean Hands)**

126.    Any claims by Plaintiffs are barred by the fact that Plaintiffs have "unclean hands."

**Fifth Affirmative Defense**

**(Waiver)**

127.    Plaintiffs, by their conduct and agreement, have waived their right to assert or enforce all or any part of the claims in the SAC.

**Sixth Affirmative Defense**

**(Acquiescence)**

128.    Plaintiffs, by their conduct, have acquiesced in the acts and omissions alleged in the SAC and, thus, Plaintiffs are precluded from asserting or enforcing any claim in the SAC.

LAW OFFICES OF
**COX, CASTLE &
NICHOLSON LLP**
LOS ANGELES, CA      63353\4164164v1                                    - 16 -                    DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

**Seventh Affirmative Defense**

**(Consent)**

129.     Plaintiffs are barred from any recovery against Defendants because Plaintiffs and/or their agents directed and consented to the matters of which they complain.

**Eighth Affirmative Defense**

**(Contractual Provisions)**

130.     The SAC and each of its causes of action are barred by governing contractual provisions.

**Ninth Affirmative Defense**

**(No Damages)**

131.     Plaintiffs have not suffered or sustained any damages as a consequence of any conduct of the Defendants.

**Tenth Affirmative Defense**

**(Conformed To Statute, Regulations And Industry Standards)**

132.     All conduct and activities of Defendants alleged in the SAC conformed to statutes, government regulations and industry standards based on the state of knowledge existing at the times alleged in the SAC, including the Interstate Sales Act, the Subdivided Lands Act and the Unfair Competition Law.

**Eleventh Affirmative Defense**

**(Exemptions Under the ISLA)**

133.     The SAC and each of its causes of action are barred in whole or in part because there are exemptions from the ISLA that apply to the sales of the condominium units.

**Twelfth Affirmative Defense**

**(Statute of Limitations)**

134.     The SAC and each of its causes of action are barred in whole or in part by the applicable statute(s) of limitations, including 15 U.S.C. § 1711(a)(2), Code of Civ. Proc. § 338(d), Bus. & Prof. Code § 11021 & Bus. & Prof. Code § 17208.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

63353\4164164v1

- 17 -

DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

**Thirteenth Affirmative Defense**

**(Good Faith/Advice of Counsel)**

135.     The claims of Plaintiffs in the SAC are barred because Defendants acted in good faith and upon the advice of counsel in doing the acts and omissions alleged in the SAC.

**Fourteenth Affirmative Defense**

**(Adequate Remedy At Law)**

136.     Plaintiffs' claims as alleged in the SAC are barred because, to the extent Plaintiffs are entitled a recovery against Defendants, if any, Plaintiffs have an adequate remedy at law.

**Fifteenth Affirmative Defense**

**(Improper Class Action)**

137.     Plaintiffs' SAC and the causes of action asserted therein cannot be maintained as a class action because: (i) the purported class is not so numerous that joinder of all members individually is impracticable; (ii) there is no question of law or fact common to the purported class; (iii) the claims and defenses of the class representatives, Plaintiffs, are not typical of the alleged claims or defenses of the purported class; and (iv) Plaintiffs are not fairly and adequately able to protect the interests of all members of the class.

**Sixteenth Affirmative Defense**

**(Reservation)**

138.     Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet, unstated affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates they would be appropriate.

**JURY DEMAND**

139.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand that trial be by jury on all claims and issues so triable in the SAC.

LAW OFFICES OF
**COX, CASTLE &
NICHOLSON LLP**
LOS ANGELES, CA      63353\4164164v1

- 18 -

DEFENDANTS' ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

1          WHEREFORE, Defendants pray for judgment as follows:

2          1.      That Plaintiffs' SAC be dismissed with prejudice;

3          2.      That Plaintiffs take nothing as against the Defendants by reason of the SAC or

4     any cause of action stated therein;

5          3.      That Defendants be awarded their costs and disbursements in this action,

6     including reasonable attorneys' fees as permitted by law; and

7          4.      That Defendants be awarded such other and further relief as this Court deems

8     just and proper.

9

10    DATED:  May 16, 2012                          COX, CASTLE & NICHOLSON LLP

11

12
                                                 By:  /s/ Alicia N. Vaz
13                                                    Alicia N. Vaz
                                                    Attorneys for Defendants Tarsadia Hotels; Tushar
14                                                  Patel; B.U. Patel; Gregory Casserly; 5th Rock,
                                                    LLC, MKP One, LLC, and Gaslamp Holdings,
15                                                  LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA        63353\4164164v1          - 19 -          DEFENDANTS' ANSWER TO
                                                              SECOND AMENDED COMPLAINT
                                                              CASE NO. 11-CV-1842-DMS-CAB

<u>PROOF OF SERVICE AND CERTIFICATION</u>

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, Suite 2800, Los Angeles, CA 90067.

☐ (FOR MESSENGER) My business address is _____.

On May 16, 2012, I served the foregoing document(s) described as **DEFENDANTS' ANSWER TO THE SECOND AMENDED CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT; (2) VIOLATION OF THE SUBDIVIDED LANDS ACT; (3) FRAUD; (4) NEGLIGENCE; AND (5) UNFAIR COMPETITION** on ALL INTERESTED PARTIES in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

See attached Service List

On the above date:

☒ (BY ☒ U.S. MAIL/BY ☐ EXPRESS MAIL) The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration. I am readily familiar with Cox, Castle & Nicholson LLP's practice for collection and processing of documents for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

☐ (BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

☐ (BY FACSIMILE TRANSMISSION) On May 16, 2012, at Irvine, California, I served the above-referenced document on the addressees on the attached service list by facsimile transmission pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was (949) 260-4699, and the telephone number of the receiving facsimile number is listed on the attached service list. The transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error. Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

☒ (NOTICE OF ELECTRONIC FILING): The counsel listed on the attached service list have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to Federal Rule of Civil Procedure 5(b)(2)(D).

☐ (BY PERSONAL DELIVERY) By causing a true copy of the within document(s) to be personally hand-delivered to the office(s) of the addressee(s) set forth on the attached service list, on the date set forth above.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I hereby certify that the above document was printed on recycled paper.

Executed on May 16, 2012, at Irvine, California.

_____
Alicia N. Vaz

| CASE: | Dean Beaver, et al. v. Tarsadia Hotels, et al. |
|---|---|
| CASE NO.: | 11-CV1842 DMS CAB) |
| CCN CLIENT: | Defendants Tarsadia Hotels, Tushar Patel, B.U. Patel, Gregory Casserly, 5th Rock, LLC, MKP One, LLC, and Gaslamp Holdings, LLC |
| CCN FILE NO.: | 63353 |

## SERVICE LIST

| Counsel/Party(ies) | Representing |
|---|---|
| Michael J. Reiser, Esq.<br>LAW OFFICES OF MICHAEL J. REISER<br>961 Ygnacio Valley Road<br>Walnut Creek, CA 94596<br>(925) 256-0400<br>(925) 476-0304 – Fax<br>e-mail: verdicts@sbcglobal.net<br>**BY U.S. MAIL** | Counsel for Plaintiffs<br>Dean Beaver, Laurie Beaver, et al. |
| Donald Chomiak, Esq.<br>TALISMAN LAW, P.C.<br>100 Wilshire Boulevard, Suite 950<br>Santa Monica, CA 90401-1145<br>(310) 917-1019<br>(310) 494-0762 – Fax<br>e-mail: don@talismanlaw.com<br>**BY U.S. MAIL** | |
| Tyler R. Meade, Esq.<br>Michael L. Schrag, Esq.<br>MEADE & SCHRAG LLP<br>1816 Fifth Street<br>Berkley, CA 94710<br>(510) 843-3670<br>(510) 843-3679 – Fax<br>e-mail: tyler@meadeschrag.com<br>e-mail: michael@meadeschrag.com | |
| Thomas W. McNamara, Esq.<br>Daniel M. Benjamin, Esq.<br>Ballard Spahr LLP<br>655 West Broadway, Suite 1600<br>San Diego, CA 92101<br>(619) 696-9200<br>(619) 696-9269 - Fax<br>e-mail: mcnamarat@ballardspahr.com<br>e-mail: benjamind@ballardspahr.com | Counsel for Defendant<br>Playground Destination Properties, Inc. |
| John L. Smaha, Esq.<br>Gregory J. Borman, Esq.<br>SMAHA LAW GROUP<br>7860 Mission Center Court, Suite 100<br>San Diego, CA 92108<br>(619) 688-1557<br>(619) 688-1558 – Fax<br>e-mail: jsmaha@smaha.com<br>e-mail: gborman@smaha.com | Counsel for Defendants<br>Josh Erskine and Shan Erskine |