UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DEAN BEAVER, et al., | CASE NO. 11cv1842-GPC (KSC) |
|---|---|
| Plaintiffs, | **ORDER:** |
| vs. | **(1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; AND** |
| TARSADIA HOTELS, et al., | **(2) DENYING DEFENDANT PLAYGROUND DESTINATION PROPERTIES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFFS' SECTION 17200 CLAIM** |
| Defendants. | **[DKT. NOS. 40, 43.]** |

 Pending before the Court are Plaintiffs' Motion for Leave to File Third Amended Complaint and Defendant Playground Destination Properties, Inc.'s Motion for Judgment on the Pleadings as to Plaintiffs' Section 17200 Claim. [Dkt. Nos. 40 & 43.] For the reasons set out below, the Court **GRANTS** Plaintiffs' Motion for Leave to File Third Amended Complaint and **DENIES** Defendant Playground Destination Properties, Inc.'s Motion for Judgment on the Pleadings as **MOOT.**

### I. BACKGROUND

 This proposed class action was brought by purchasers of condominium hotel units through the Hard Rock Hotel & Condominium project ("Hard Rock") in San Diego, California. Members of the general public were offered an opportunity to purchase ownership interests in individual Hard Rock units. Plaintiffs commenced this action on behalf of persons who purchased units at the Hard Rock

between May 2006 and December 2007. The Complaint brings causes of action against the "developers" and "agents" of Hard Rock. Defendants include: Tarsadia Hotels, Tushar Patel, B.U. Patel, Gregory Casserly, 5th Rock, LLC, MPK One, LLC, and Gaslamp Holdings, LLC (collectively, "Developer Defendants") and Playground Destination Properties, Inc. ("Playground"). Defendant Gaslamp Holdings, LLC, an affiliate of the "Seller," Defendant 5th Rock, LLC, owned the land on which the Hard Rock was built. The Purchase Contract and Escrow Instructions ("Contract") were signed on Defendant 5th Rock's behalf by its managing member, Defendant MKP One, LLC ("MKP"). Defendant Tarsadia Hotels ("Tarsadia") is the parent corporation of Defendants 5th Rock and MKP, and Defendants Tushtar Patel, B.U. Patel, and Gregory Casserly are Defendant Tarsadia's principals. Defendant Playground was the real estate broker for Hard Rock.

Plaintiffs assert that Defendants violated the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 *et seq* ("ILSA") and the Subdivided Lands Act, Cal. Bus. & Prof. Code sections 11000 *et seq.* ("SLA") by failing to disclose and intentionally concealing the Plaintiffs' right to rescind their purchase contracts within two years of the date of signing the Contracts. [Dkt. No. 21 at 2.] Both statutes impose certain disclosure requirements upon developers. If developers fail to comply, the statutes provide the purchaser with a right of rescission, other equitable relief, and damages. [Dkt. No. 21 at 3-4.] Under 15 U.S.C. § 1703(d)(2) of the ILSA, a developer is required to include in the buyer default provision of the purchase contract written notice of a 20-day opportunity for the buyer to remedy default or breach of contract. [Dkt. No. 21 at 4.] Plaintiffs claim that because Developer Defendants allegedly did not include the default remedy provision in the Contracts, Plaintiffs then had an absolute two-year right to rescind. [Dkt. No. 21 at 4.] Furthermore, Plaintiffs allege that the two-year right must be set forth in the public report, a document required by both the ILSA and SLA. [Dkt. No. 21 at 4-5.] Plaintiffs allege that this provision was not included in the public report they received. [Dkt. No. 21 at 5 & Ex. C.] Plaintiffs argue that Defendants violated the ILSA and SLA by intentionally omitting the statutory notice of right of rescission from sale documents and making affirmative misrepresentations regarding the right to rescind to prevent Plaintiffs from exercising it. [Dkt. No. 21 at 4.]

On August 17, 2011, the proposed class action was removed to this Court. [Dkt. No. 1.]

On August 24, 2011, Defendants filed a Motion to Dismiss the First Amended Complaint ("FAC"). [Dkt. Nos. 6, 11, 12.] This Court granted the motion in part and denied the motion in part, granting Plaintiffs leave to amend. [Dkt. No. 20.] Plaintiffs filed a Second Amended Complaint ("SAC") on December 22, 2011 and Defendants moved again to dismiss the SAC on January 5, 2012. [Dkt. Nos. 21, 22, 23.] On May 2, 2012, this Court granted in part and denied in part the Motion to Dismiss the Second Amended Complaint. [Dkt. No. 34.] On September 5, 2012, this Court ordered that any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before September 27, 2012. [Dkt. No. 42.]

On August 8, 2012, Defendant Playground Destination Properties, Inc. ("Playground") filed a Motion for Judgment on the Pleadings as to Plaintiffs' Section 17200 Claim. [Dkt. No 40.] On September 27, 2012, Plaintiffs filed a motion for leave to amend to file a Third Amended Complaint ("TAC"). [Dkt. No. 43.] On October 12, 2012, the case was transferred to the undersigned judge. [Dkt. No. 52.] On November 16, 2012, Defendant Playground responded in opposition to Plaintiffs' motion. [Dkt. No. 55.] Defendant Tarsadia Hotels filed a joinder in Defendant Playground's opposition. [Dkt. No. 56.]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading may be allowed by leave of the court and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. *International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)). In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than new parties. *Union Pacific R.R. Co. v. Nevada Power Co.*, 950

F.2d 1429, 1432 (9th Cir. 1991).

## III. DISCUSSION

Plaintiffs seek to amend the Second Amended Complaint ("SAC") to add facts Plaintiffs claim they learned one week prior to the filing of this motion. [Dkt. No. 43 at 1.]

**A. Proposed Amendment as to the First Cause of Action**

Plaintiffs seek leave to amend to file a TAC on two grounds. First, Plaintiffs seek to amend the first cause of action to allege that the Developer Defendants failed to attempt to obtain a Final Subdivision Public Report, which was required to comply with the Interstate Land Sales Full Disclosure Act ("ILSA"). [Dkt. No. 43 at 3.] Defendants Playground and Tarsadia do not oppose these amendments. [Dkt. Nos. 55 at 1, 56 at 2.] No other Defendants filed an opposition to Plaintiffs' motion. Accordingly, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend as to the proposed amendments concerning the first cause of action.

**B. Proposed Amendment as to the Fifth Cause of Action**

Secondly, Plaintiffs seek to add allegations that are connected to the complaint's fifth cause of action for violation of the Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code sections 17200, *et seq.* Specifically, Plaintiffs seek to amend the TAC to "tether" the unfair business practice claim against Defendant Playground to the statutory duty related to real estate agents under California Civil Code Section 2079. [Dkt. No. 43 at 3.]

The UCL prohibits unlawful, unfair, or fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200. Previously, this Court determined that Plaintiffs' UCL claim as to Defendant Playground failed under the unlawful prong of the UCL. [Dkt. No. 34 at 17.] However, this Court also determined Plaintiffs' UCL claim could nonetheless exist under the unfair prong of the UCL. [Dkt. No. 34 at 17.] California appellate court opinions differ as to what constitutes an "unfair" business practice under the UCL. *Martinez v. Welk Group, Inc.*, No. 09CV2883, 2012 WL 5373415, at *13 (S.D. Cal. Oct. 30, 2012) (citing *Morgan v. Harmonix Music Sys., Inc.,* No. C08-5211, 2009 WL 2031765, at *4 (N.D. Cal. July 7, 2009) (noting the split in authority)); *Bardin v. Daimlerchrysler Corp.*, 39 Cal. Rptr. 3d 634, 639–48 (Cal. Ct. App. 2006) (noting the split in authority). Some courts define 'unfair' as "prohibiting conduct that is immoral, unethical, oppressive, unscrupulous or

1  substantially injurious to consumers and requires the court to weigh the utility of the defendant's
2  conduct against the gravity of the harm to the alleged victim." *Id.* (citing *Smith v. State Farm Mut.*
3  *Auto. Ins. Co.,* 113 Cal. Rptr. 2d 399, 415 (Cal. Ct. App. 2001)).  "The other line of cases holds that
4  the public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong
5  of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." *Id.* (citing
6  *Bardin,* 39 Cal. Rptr. 3d at 636).

Plaintiffs seek to amend the SAC to tether the UCL claim to California Civil Code Section 2079, which requires real estate agents "to disclose to [a prospective purchaser] all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties." Cal. Civ. Code § 2079.16.  Plaintiffs also seek to assert that Defendant Playground has "been developing and marketing condominium-hotel units in the United States for more than a decade . . .Playground itself is well-versed in the disclosure obligations under ILSA." [Dkt. No. 43 at 13:22-25.] Thus, Plaintiffs' amendments allege that Defendant Playground's extensive experience with ILSA properly alleges knowledge of the two-year right to rescind for purposes of the unfair competition law violation.

Defendants Playground and Tarsadia Hotels oppose Plaintiffs' motion on several grounds. Defendants argue that Plaintiffs seek to add allegations that improperly impute the assumption that Defendants knew of the requirement of a Final Subdivision Public Report under the ILSA. [Dkt. No. 55 at 4-5.] Defendants argue because Judge Sabraw previously granted the Plaintiffs an opportunity to allege actual knowledge and failed to do so, Plaintiffs should not be permitted to do so now.  [Dkt. No. 55 at 5.]  Furthermore, Defendants assert that not only are these allegations prejudicial and dilatory, but the allegations are also futile.  [Dkt. No. 55 at 6.]  Defendants contend that the additional allegations are insufficient because the proposed TAC, at its best, alleges only the possibility that Playground had knowledge of the alleged ILSA violation. [Dkt. No. 55 at 6.]

The Court finds the factors weigh again towards granting Plaintiffs leave to file their proposed TAC as to the fifth cause of action.  First, Defendants argue that the allegations improperly impute knowledge to Defendant Playground.  [Dkt. No. 55 at 4-5.]  However, courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to

grant leave to amend and defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted).

Second, Defendants assert Plaintiffs' new allegations are insufficient because the TAC at best alleges the possibility of Defendants' knowledge. [Dkt. No. 55 at 6.] "A claim is considered futile and leave to amend to add it shall not be given if there is no set of facts which can be proved under the amendment which would constitute a valid claim or defense." *Netbula, LLC*, 212 F.R.D. at 538-39 (citation omitted). Here, Defendants admit the possibility of knowledge. Therefore, the allegations cannot be futile because a set of facts exist that could possibly constitute a valid claim. Accordingly, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend as to the fifth cause of action.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to File Third Amended Complaint. Given the granting of Plaintiffs' Motion for Leave to File Third Amended Complaint, Defendant Playground's Motion for Judgment on the Pleadings as to Plaintiffs' Section 17200 Claim is **DENIED AS MOOT**. Plaintiffs shall file a Third Amended Complaint within five (5) days of the date of this Order.

**IT IS SO ORDERED.**

DATED: April 17, 2013

HON. GONZALO P. CURIEL
United States District Judge