Frederick H. Kranz (State Bar No. 055815)
Alicia N. Vaz (State Bar No. 215081)
COX, CASTLE & NICHOLSON LLP
2049 Century Park East, 28th Floor
Los Angeles, CA 90067-3284
Telephone: (310) 284-2200
Facsimile: (310) 284-2100
Email: fkranz@coxcastle.com; avaz@coxcastle.com

Attorneys for Defendants
Tarsadia Hotels; Tushar Patel; B.U. Patel; Gregory
Casserly; 5th Rock, LLC; MKP One, LLC; and
Gaslamp Holdings, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN BEAVER and LAURIE BEAVER, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>TARSADIA HOTELS, *et al.*,<br><br>Defendants. | Case No. 11-CV-1842-DMS-CAB (related with Case No. 09-CV-2739-DMS-CAB)<br><br>**DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT;**<br><br>**(2) VIOLATION OF THE SUBDIVIDED LANDS ACT;**<br><br>**(3) FRAUD;**<br><br>**(4) NEGLIGENCE; AND**<br><br>**(5) UNFAIR COMPETITION**<br><br>**[DEMAND FOR JURY TRIAL]** |

Defendants TARSADIA HOTELS; TUSHAR PATEL; B.U. PATEL;

GREGORY CASSERLY; 5TH ROCK, LLC; MKP ONE, LLC; AND GASLAMP

HOLDINGS, LLC ("Defendants") answer the Third Amended Class-Action Complaint

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA

063353\5060000v1

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

("TAC") of Plaintiffs DEAN BEAVER and LAURIE BEAVER, *et al*. ("Plaintiffs") as follows:

1.      Defendants admit the allegation in Paragraph 1 that this lawsuit involves the purchase and sale of condominium-hotel unties at the Hard Rock Hotel in San Diego. Defendants deny that they failed to disclose or intentionally concealed that the buyers had a right to rescind their purchase contracts. The other allegations in Paragraph 1 are legal conclusions and/or argument to which no response is required.

2.      Defendants admit the allegations in Paragraph 2 that 5th Rock, LLC is the seller identified in the purchase contracts, MPK One, LLC is the managing member of 5th Rock, LLC and that Tushar Patel is the Chairman of Tarsadia Hotels, B.U. Patel is the Vice-Chairman and Founder of Tarsadia Hotels and Gregory Casserly is the President of Tarsadia Hotels. Defendants lack information or belief sufficient to answer the allegations in Paragraph 2, and on that basis deny each and every other allegations in Paragraph 2.

3.      Defendants admit the allegation in Paragraph 3 that Plaintiffs executed Purchase Contracts and Escrow Instructions for the purchase of one or more units at the Hard Rock. Defendants further admit that most closed escrow on their units in the summer or fall of 2007. Defendants state that the Contracts that appear to be signed by plaintiffs Dean and Laurie Beaver and Steven Adelman and Abram Aghachi, which are in writing, speak for themselves and are the best evidence of their terms, provisions and contents. Defendants lack information or belief sufficient to answer the remaining allegations in Paragraph 3, and on that basis deny each and every other allegation in Paragraph 3.

4.      Defendants lack information or belief sufficient to answer the allegation pertaining to why this lawsuit arose, and on that basis deny the first sentence of Paragraph 4. With respect to all other allegations contained in Paragraph 4, Defendants deny each of those allegations.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA        063353\5060000v1                - 2 -                DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

5.     The allegations in Paragraph 5 are legal conclusions and/or argument to which no response is required.

6.     The allegations in Paragraph 6 are legal conclusions and/or argument to which no response is required.

7.     The allegations in Paragraph 7 and/or argument are legal conclusions to which no response is required.

8.     The allegations in Paragraph 8 and/or argument are legal conclusions to which no response is required.

9.     Defendants deny each and every allegation contained in Paragraph 9.

10.     The allegations contained in the first two sentences and the last sentence of Paragraph 10 are legal conclusions and/or argument to which no response is required. With respect to all other allegations contained in Paragraph 10, Defendants deny each of those allegations.

11.     Defendants admit that Plaintiffs and the Class members received the Final Subdivision Public Report, File No. 120249LA-F00 issued by the DRE on April 4, 2006, and that the Public Report is attached to the TAC as Exhibit C. With respect to all other allegations contained in Paragraph 11, Defendants deny each of those allegations.

12.     The allegations in Paragraph 12 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 12 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 12 and, on that basis, deny each and every allegation in Paragraph 12.

13.     The allegations in Paragraph 13 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 13 contains any factual allegations that require a response, Defendants lack information or belief

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA     063353\5060000v1     - 3 -     DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

sufficient to answer the allegations in Paragraph 13 and, on that basis, deny each and every allegation in Paragraph 13.

14. Defendants deny each and every allegation contained in Paragraph 14.

15. Defendants lack information or belief sufficient to answer the allegations in Paragraph 15 and, on that basis, deny each and every allegation in Paragraph 15.

16. Defendants lack information or belief sufficient to answer the allegations in Paragraph 16 and, on that basis, deny each and every allegation in Paragraph 16.

17. The allegations in Paragraph 17 are legal conclusions and/or argument to which no response is required.

## PLAINTIFFS

18. Defendants lack information or belief sufficient to answer the allegations in Paragraph 18 and, on that basis, deny each and every allegation in Paragraph 18.

19. Defendants lack information or belief sufficient to answer the allegations in Paragraph 19 and, on that basis, deny each and every allegation in Paragraph 19.

20. Defendants lack information or belief sufficient to answer the allegations in Paragraph 20 and, on that basis, deny each and every allegation in Paragraph 20.

21. Defendants lack information or belief sufficient to answer the allegations in Paragraph 21 and, on that basis, deny each and every allegation in Paragraph 21.

22. Defendants lack information or belief sufficient to answer the allegations in Paragraph 22 and, on that basis, deny each and every allegation in Paragraph 22.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA    063353\5060000v1    - 4 -

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

# DEFENDANTS

2     23.     Defendants admit the allegations in Paragraph 23 that Tarsadia

3  Hotels is a California corporation with its headquarters in Newport Beach, California.

4  With respect to all other allegations contained in Paragraph 23, Defendants deny each

5  of those allegations.

6     24.     Defendants admit the allegations in Paragraph 24 that 5th Rock LLC

7  is a Delaware limited liability company and the seller of the condominium-hotel units

8  in the Hard Rock Hotel project in San Diego and that it is headquartered in Newport

9  Beach, California.  With respect to all other allegations contained in Paragraph 24,

10  Defendants deny each of those allegations.

11     25.     Defendants admit the allegations contained in Paragraph 25.

12     26.     Defendants admit the allegations in Paragraph 26 that Gaslamp

13  Holdings, LLC is a California limited liability company and is headquartered in

14  Newport Beach, California.  With respect to all other allegations contained in Paragraph

15  26, Defendants deny each of those allegations.

16     27.     Defendants admit the allegations contained in Paragraph 27.

17     28.     Defendants admit the allegations contained in Paragraph 28.

18     29.     Defendants admit the allegations contained in Paragraph 29.

19     30.     Defendants lack information or belief sufficient to answer the

20  allegations in Paragraph 30 and, on that basis, deny each and every allegation in

21  Paragraph 30.

22     31.     The allegations in Paragraph 31 are legal conclusions and/or

23  argument to which no response is required.  To the extent, Paragraph 31 contains any

24  factual allegations that require a response, Defendants deny each and every such

25  allegation.

26     32.     The allegations in Paragraph 32 are legal conclusions and/or

27  argument to which no response is required.  To the extent, Paragraph 32 contains any

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA     063353\5060000v1          - 5 -

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

1  factual allegations that require a response, Defendants deny each and every such
2  allegation.

3       33.    The allegations in Paragraph 33 are legal conclusions and/or
4  argument to which no response is required.  To the extent, Paragraph 33 contains any
5  factual allegations that require a response, Defendants deny each and every such
6  allegation.

7                    **JURISDICTION AND VENUE**

8       34.    Defendants admit the allegations contained in Paragraph 34.

9                    **COMMON ALLEGATIONS**

10      35.    Defendants admit the allegations in Paragraph 35 that in or about
11  2005, 5th Rock began to develop a condominium hotel commonly referred to as the
12  Hard Rock Hotel, San Diego, located at 205 Fifth Avenue in the City of San Diego,
13  California.  Defendants also admit that the project was to consist of 420 units.
14  Defendants further admit that the units were marketed through the Internet, marketing
15  materials, brochures, verbal statements utilizing the mail and telephone.  With respect
16  to all other allegations contained in Paragraph 35, Defendants deny those allegations.

17  **A.    Sales of subdivided parcels of land are governed by state and federal law.**

18      36.    The allegations in Paragraph 36 are legal conclusions and/or
19  argument to which no response is required.

20      37.    The allegations in Paragraph 37 are legal conclusions and/or
21  argument to which no response is required.

22      38.    The allegations in Paragraph 38 are legal conclusions and/or
23  argument to which no response is required.

24      39.    The allegations in Paragraph 39 are legal conclusions and/or
25  argument to which no response is required.

26

27

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA    063353\5060000v1          - 6 -          DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

**B.    California developers register projects with HUD using a DRE Public Report.**

40.    The allegations in Paragraph 40 are legal conclusions and/or argument to argument which no response is required.

41.    The allegations in Paragraph 41 are legal conclusions and/or argument to which no response is required.

42.    The allegations in Paragraph 42 are legal conclusions and/or argument to which no response is required.

43.    The allegations in Paragraph 43 are legal conclusions and/or argument to which no response is required.

**C.    Defendants chose not to comply with ILSA in developing the Hard Rock to make the terms of the resulting Contract favor the Developer Defendants.**

44.    Defendants admit the allegations in Paragraph 44 that they hired the law firm of Greenberg Traurig, LLP for various tasks, including handling the application for public reports to be obtained from the Department of Real Estate. The contents of Greenberg's website speak for themselves. With respect to all other allegations contained in Paragraph 44, Defendants deny each of those allegations.

45.    Defendants admit the allegations in Paragraph 45 that Greenberg submitted a public report to the DRE. With respect to all other allegations contained in Paragraph 45, Defendants deny each of those allegations.

46.    Defendants admit the allegations in Paragraph 46 that Greenberg submitted a public report to the DRE. The contents of the report speak for themselves. With respect to all other allegations contained in Paragraph 46, Defendants deny each of those allegations.

47.    The allegations in Paragraph 47 are legal conclusions and/or argument to which no response is required.

48.    The allegations in Paragraph 48 are legal conclusions and/or argument to which no response is required.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA        063353\5060000v1        - 7 -

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

49.     Defendants lack information or belief sufficient to answer the allegations in Paragraph 49 and, on that basis, deny each and every allegation in Paragraph 49.

**D.     Plaintiffs and Class members had an absolute right under ILSA to rescind their Contracts for two years from the date of signing.**

50.     The allegations in Paragraph 50 are legal conclusions and/or argument to which no response is required.

51.     Defendants admit the allegations in Paragraph 51 that Greenberg did not file a public report with HUD.  The contents of the report speak for themselves.  With respect to all other allegations contained in Paragraph 51, Defendants deny each of those allegations.

52.     Defendants admit the allegation in Paragraph 52 that the Contract includes the following language:  "BUYER MAY CANCEL BUYER'S OFFER TO PURCHASE THE UNIT AND THE CONTRACT RESULTING FROM SELLER'S ACCEPTANCE OF BUYER'S OFFER, AND RECEIVE A FULL REFUND OF BUYER'S INITIAL DEPOSIT UNTIL MIDNIGHT OF THE THIRD (3RD) CALENDAR DAY AFTER THE DAY ON WHICH THE BUYER SIGNS THIS CONTRACT, BY NOTIFYING SELLER IN THE MANNER PROVIDED IN THIS CONTRACT."  With respect to all other allegations contained in Paragraph 52, Defendants deny those allegations.

53.     The allegations in Paragraph 53 are legal conclusions and/or argument to which no response is required.

54.     The allegations in Paragraph 54 are legal conclusions and/or argument to which no response is required.

55.     The allegations in Paragraph 55 are legal conclusions and/or argument to which no response is required.

56.     The allegations in Paragraph 56 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 56 contains any

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA     063353\5060000v1     - 8 -     DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

factual allegations that require a response, Defendants deny each and every such allegation.

57.     The allegations in Paragraph 57 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 57 contains any factual allegations that require a response, Defendants deny each and every such allegation.

**E.     The Public Report fails to disclose to Plaintiffs and Class members their two-year right to rescind in violation of ILSA and the SLA and Defendants had a continuing obligation to disclose this two-year rescission right.**

58.     The allegations in Paragraph 58 are legal conclusions and/or argument to which no response is required.

59.     The allegations in Paragraph 59 are legal conclusions and/or argument to which no response is required.

60.     The allegations in Paragraph 60 are legal conclusions and/or argument to which no response is required.

61.     Defendants admit that the Public Report is attached as Exhibit C to the TAC. With respect to all other allegations contained in Paragraph 61, Defendants deny those allegations.

62.     Defendants lack information or belief sufficient to answer the allegations in Paragraph 62 and, on that basis, deny each and every allegation in Paragraph 62.

63.     The allegations in Paragraph 63 are legal conclusions and/or argument to which no response is required.

64.     The allegations in the first sentence of Paragraph 64 are legal conclusions and/or argument to which no response is required. Defendants admit that the Public Report states that "[s]ome material changes may require amendment of the Public Report; which Amendment must be obtained and used in lieu of this report."

65.     The allegations in Paragraph 65 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 65 contains any

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA     063353\5060000v1          - 9 -          DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 65 and, on that basis, deny those allegations.

66. The allegations in Paragraph 66 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 66 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 66 and, on that basis, deny those allegations.

67. The allegations in Paragraph 67 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 67 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 67 and, on that basis, deny those allegations.

**F. Plaintiffs' and Class members' Contracts uniformly failed to disclose the two-year right to rescind despite and obligation under the HUD regulations implementing ILSA to do so.**

68. The allegations in Paragraph 68 are legal conclusions and/or argument to which no response is required.

69. Defendants admit the allegation in Paragraph 69 that the Contract includes the following language: "BUYER MAY CANCEL BUYER'S OFFER TO PURCHASE THE UNIT AND THE CONTRACT RESULTING FROM SELLER'S ACCEPTANCE OF BUYER'S OFFER, AND RECEIVE A FULL REFUND OF BUYER'S INITIAL DEPOSIT UNTIL MIDNIGHT OF THE THIRD (3RD) CALENDAR DAY AFTER THE DAY ON WHICH THE BUYER SIGNS THIS CONTRACT, BY NOTIFYING SELLER IN THE MANNER PROVIDED IN THIS CONTRACT." With respect to all other allegations contained in Paragraph 69, Defendants deny those allegations.

70. The allegation in Paragraph 70 that there is a legal obligation under the HUD regulations implementing ILSA is a legal conclusions and/or argument to

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA     063353\5060000v1                    - 10 -

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

which no response is required. To the extent, Paragraph 70 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 70 and, on that basis, deny those allegations.

**G. The statutory two-year right to rescind was a "material" fact that had to be disclosed.**

71. The allegations in Paragraph 71 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 71 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 71 and, on that basis, deny those allegations.

**H. The Hard Rock is not exempt from complying with ILSA or the SLA.**

72. The allegations in Paragraph 72 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 72 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 72 and, on that basis, deny those allegations.

73. The allegations in Paragraph 73 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 73 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 73 and, on that basis, deny those allegations.

**I. Defendants took affirmative steps to conceal from Plaintiffs and Class members their statutory two-year right to rescind the Contracts.**

74. The allegations in Paragraph 74 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 74 contains any factual allegations that require a response, Defendants admit that they shared office space, officers and directors but deny the remaining allegations in Paragraph 74.

75. Defendants admit that a contract was used in connection with sales and the Hard Rock and that a Public Report was obtained from the DRE. With respect

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA      063353\5060000v1                    - 11 -

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

1     to all other allegations contained in Paragraph 75, Defendants deny each of those

2     allegations.

3            76.     Defendants lack information or belief sufficient to answer the

4     allegations in Paragraph 76 and, on that basis, deny those allegations.

5            77.     The allegations in Paragraph 77 are legal conclusions and/or

6     argument to which no response is required.

7            78.     The allegations in Paragraph 78 are legal conclusions and/or

8     argument to which no response is required.

9            79.     Defendants lack information or belief sufficient to answer the

10     allegations in Paragraph 79 and, on that basis, deny those allegations.

11            80.     Defendants admit the allegations in Paragraph 80 that some would-

12     be buyers selected the units they intended to purchase at the Hard Rock on or about

13     May 18, 2006. With respect to all other allegations contained in Paragraph 80,

14     Defendants deny each of those allegations.

15            81.     Defendants admit that Plaintiffs and Class members received the

16     Public report and entered into their respective contracts. With respect to all other

17     allegations contained in Paragraph 81, Defendants deny each of those allegations.

18            82.     Defendants lack information or belief sufficient to answer the

19     allegations in Paragraph 82 and, on that basis, deny those allegations.

20            83.     Defendants deny the allegation in Paragraph 83 that they

21     purposefully concealed a rescission right from Plaintiffs and the Class members.

22     Defendants lack information or belief sufficient to answer the remaining allegations in

23     Paragraph 83 and, on that basis, deny those allegations.

24            84.     Defendants lack information or belief sufficient to answer the

25     allegations in Paragraph 84 and, on that basis, deny those allegations.

26            85.     Defendants admit that Plaintiffs and Class members closed escrow

27     on their units at the Hard Rock. Defendants lack information or belief sufficient to

28

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA    063353\5060000v1        - 12 -

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

answer the remaining allegations in Paragraph 85 and, on that basis, deny those allegations.

86.     Defendants lack information or belief sufficient to answer the allegations in Paragraph 86 and, on that basis, deny those allegations.

87.     Defendants deny the allegations contained in Paragraph 87.

88.     The allegations in Paragraph 88 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 88 contains any factual allegations that require a response, Defendants deny that they knowingly or willfully devised and carried out a common plan, scheme or artifice to defraud members of the Class or intentionally misrepresented the rescission right.  Defendants further deny that they purposefully concealed information from Plaintiffs or the Class members

**J.     Even with the exercise of reasonable diligence, Plaintiffs were unable to discovery their rescission rights before April 2011 and Class members cannot be held to a higher standard.**

89.     Defendants lack information or belief sufficient to answer the allegations in Paragraph 89 and, on that basis, deny those allegations.

90.     Defendants lack information or belief sufficient to answer the allegations in Paragraph 90 and, on that basis, deny those allegations.

91.     Defendants lack information or belief sufficient to answer the allegations in Paragraph 91 and, on that basis, deny those allegations.

92.     The allegations in Paragraph 92 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 92 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 92 and, on that basis, deny those allegations.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA      063353\5060000v1

**K.**  **Plaintiffs and Class members have suffered damages as a result of Defendants' wrongful conduct.**

93.    The allegations in Paragraph 93 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 93 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 93 and, on that basis, deny those allegations.

94.    Defendants lack information or belief sufficient to answer the allegations in Paragraph 94 and, on that basis, deny those allegations.

95.    The allegations in Paragraph 95 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 95 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 95 and, on that basis, deny those allegations.

**L.**  **Seller and its real estate broker owed Plaintiffs and Class members a duty to disclose.**

96.    The allegations in Paragraph 96 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 96 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 96 and, on that basis, deny those allegations.

## CLASS ACTION ALLEGATIONS

97.    Defendants lack information or belief sufficient to answer the allegations in Paragraph 97 and, on that basis, deny those allegations.

98.    The allegations in Paragraph 98 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 98 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 98 and, on that basis, deny those allegations.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA     063353\5060000v1                    - 14 -

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

99.    The allegations in Paragraph 99 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 99 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 99 and, on that basis, deny those allegations.

100.    The allegations in Paragraph 100 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 100 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 100 and, on that basis, deny those allegations.

101.    The allegations in Paragraph 101 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 101 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 101 and, on that basis, deny those allegations.

102.    The allegations in Paragraph 102 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 102 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 102 and, on that basis, deny those allegations.

## FIRST CAUSE OF ACTION

### (Violation of ILSA, 15 U.S.C. sec 1703(a)(2)(A), (B) and (C) Against All Defendants)

103.    Defendants incorporate by reference and reassert their responses to Paragraphs 1 through 102 as if fully set forth herein.

104.    The allegations in Paragraph 104 are legal conclusions and/or argument to which no response is required.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA     063353\5060000v1                   - 15 -

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

105.   The allegations in Paragraph 105 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 105 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 105 and, on that basis, deny those allegations.

106.   The allegations in Paragraph 106 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 106 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 106 and, on that basis, deny those allegations.

107.   Defendants deny the allegations contained in Paragraph 107.

108.   The allegations in Paragraph 108 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 108 contains any factual allegations that require a response, Defendants admit that the Contract includes a three day right to rescind but lack information or belief sufficient to answer the remaining allegations in Paragraph 108 and, on that basis, deny those allegations.

109.   Defendants deny the allegations contained in Paragraph 109.

110.   The allegations in Paragraph 110 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 110 contains any factual allegations that require a response, Defendants deny the allegations in Paragraph 110.

111.   The allegations in Paragraph 111 are legal conclusions and/or argument to which no response is required.  To the extent, Paragraph 111 contains any factual allegations that require a response, Defendants deny the allegations in Paragraph 111.

112.   Defendants lack information or belief sufficient to answer the allegations in Paragraph 112 and, on that basis, deny those allegations.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA     063353\5060000v1     - 16 -

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

113.    Defendants deny that they purposefully concealed the rescission rights, but lack information or belief sufficient to answer the remaining allegations in Paragraph 113 and, on that basis, deny those allegations.

114.    The allegations contained in the last sentence of Paragraph 114 are legal conclusions and/or argument to which no response is required. Defendants deny any purposeful deception in withholding information from Plaintiffs or the Class members, but lack information or belief sufficient to answer the remaining factual allegations in Paragraph 114 and, on that basis, deny those allegations.

115.    The allegations in Paragraph 115 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 115 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the remaining allegations in Paragraph 115 and, on that basis, deny those allegations.

116.    The allegations in Paragraph 116 are legal conclusions and/or argument to which no response is required. To the extent, Paragraph 116 contains any factual allegations that require a response, Defendants lack information or belief sufficient to answer the allegations in Paragraph 116 and, on that basis, deny those allegations.

### SECOND CAUSE OF ACTION

**(Violation under SLA, Bus. & Prof. Code 11000, *et seq.*, Against All Defendants)**

117.    The Second Cause of Action has been dismissed with prejudice and, therefore, no response is required to Paragraphs 117-122 of the TAC.

### THIRD CAUSE OF ACTION

**(Fraud Against All Defendants)**

118.    Defendants incorporate by reference and reassert their responses to Paragraphs 1 through 122 as if fully set forth herein.

119.    The allegation about Defendants' "affirmative legal duty to disclose this right under ILSA and the SLA" is a legal conclusion and/or argument to which no

1  response is required.  Defendants deny the remainder of the allegations contained in

2  Paragraph 124.

3       120.   Defendants deny the allegations contained in Paragraph 125.

4       121.   The allegations in the first sentence of Paragraph 126 are legal

5  conclusions and/or argument to which no response is required.  With respect to the

6  remaining allegations in Paragraph 126, Defendants lack information or belief

7  sufficient to answer the remaining allegations in Paragraph 126 and, on that basis, deny

8  those allegations.

9       122.   The allegations in Paragraph 127 are legal conclusions and/or

10  argument to which no response is required.  To the extent, Paragraph 127 contains any

11  factual allegations that require a response, Defendants lack information or belief

12  sufficient to answer the remaining allegations in Paragraph 127 and, on that basis, deny

13  those allegations.

14       123.   The allegations in Paragraph 128 are legal conclusions and/or

15  argument to which no response is required.  To the extent, Paragraph 128 contains any

16  factual allegations that require a response, Defendants deny those allegations.

17  <center>**FOURTH CAUSE OF ACTION**</center>

18  <center>**(Negligence Against All Defendants)**</center>

19       124.   Defendants incorporate by reference and reassert their responses to

20  Paragraphs 1 through 128 as if fully set forth herein.

21       125.   The allegations in Paragraph 130 are legal conclusions and/or

22  argument to which no response is required.

23       126.   The allegations in Paragraph 131 are legal conclusions and/or

24  argument to which no response is required.  To the extent, Paragraph 131 contains any

25  factual allegations that require a response, Defendants deny those allegations.

26       127.   The allegations in Paragraph 132 are legal conclusions and/or

27  argument to which no response is required.  To the extent, Paragraph 132 contains any

28  factual allegations that require a response, Defendants lack information or belief

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA   063353\5060000v1     - 18 -     DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

1    sufficient to answer the remaining allegations in Paragraph 132 and, on that basis, deny

2    those allegations.

3        128.    The allegations in Paragraph 133 are legal conclusions and/or

4    argument to which no response is required.  To the extent, Paragraph 133 contains any

5    factual allegations that require a response, Defendants lack information or belief

6    sufficient to answer the remaining allegations in Paragraph 133 and, on that basis, deny

7    those allegations.

8        129.    The allegations in Paragraph 134 are legal conclusions and/or

9    argument to which no response is required.

10                              **FIFTH CAUSE OF ACTION**

11   **(Violation of UCL, Bus. & Prof. Code §§ 17200, *et seq.*, Against All Defendants)**

12       130.    Defendants incorporate by reference and reassert their responses to

13   Paragraphs 1 through 134 as if fully set forth herein.

14       131.    The allegations in Paragraph 136 are legal conclusions and/or

15   argument to which no response is required.

16       132.    The allegations in Paragraph 137 are legal conclusions and/or

17   argument to which no response is required.  To the extent, Paragraph 137 contains any

18   factual allegations that require a response, Defendants deny those allegations.

19       133.    The allegations in Paragraph 138 are legal conclusions and/or

20   argument to which no response is required.  To the extent, Paragraph 138 contains any

21   factual allegations that require a response, Defendants lack information or belief

22   sufficient to answer the remaining allegations in Paragraph 138 and, on that basis, deny

23   those allegations.

24       134.    The allegations in Paragraph 139 are legal conclusions and/or

25   argument to which no response is required.  To the extent, Paragraph 139 contains any

26   factual allegations that require a response, Defendants deny those allegations.

27

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA        063353\5060000v1                - 19 -

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

1       135.    The allegations in Paragraph 140 are legal conclusions and/or

2 argument to which no response is required. To the extent, Paragraph 140 contains any

3 factual allegations that require a response, Defendants deny those allegations.

4       136.    The allegations in Paragraph 141 are legal conclusions and/or

5 argument to which no response is required. To the extent, Paragraph 141 contains any

6 factual allegations that require a response, Defendants deny those allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Cause of Action)

10       137.    The TAC and each of its causes of action fail to state facts

11 sufficient to state a cause of action against Defendants, including based on the failure to

12 adequately demonstrate justifiable reliance.

### Second Affirmative Defense

### (Laches)

15       138.    The TAC and each of its causes of action are barred by the doctrine

16 of laches.

### Third Affirmative Defense

### (Estoppel)

19       139.    Plaintiffs, by their conduct, are estopped to assert or enforce all or

20 any part of the claims in the TAC.

### Fourth Affirmative Defense

### (Unclean Hands)

24       140.    Any claims by Plaintiffs are barred by the fact that Plaintiffs have

25 "unclean hands."

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA    063353\5060000v1        - 20 -        DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

## Fifth Affirmative Defense

### (Waiver)

141.    Plaintiffs, by their conduct and agreement, have waived their right to assert or enforce all or any part of the claims in the TAC.

## Sixth Affirmative Defense

### (Acquiescence)

142.    Plaintiffs, by their conduct, have acquiesced in the acts and omissions alleged in the TAC and, thus, Plaintiffs are precluded from asserting or enforcing any claim in the TAC.

## Seventh Affirmative Defense

### (Consent)

143.    Plaintiffs are barred from any recovery against Defendants because Plaintiffs and/or their agents directed and consented to the matters of which they complain.

## Eighth Affirmative Defense

### (Contractual Provisions)

144.    The TAC and each of its causes of action are barred by governing contractual provisions.

## Ninth Affirmative Defense

### (No Damages)

145.    Plaintiffs have not suffered or sustained any damages as a consequence of any conduct of the Defendants.

## Tenth Affirmative Defense

### (Conformed To Statute, Regulations And Industry Standards)

146.    All conduct and activities of Defendants alleged in the TAC conformed to statutes, government regulations and industry standards based on the state of knowledge existing at the times alleged in the TAC, including the Interstate Sales Act, the Subdivided Lands Act and the Unfair Competition Law.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA    063353\5060000v1    - 21 -    DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

## Eleventh Affirmative Defense

## (Exemptions Under the ISLA)

147.   The TAC and each of its causes of action are barred in whole or in part because there are exemptions from the ISLA that apply to the sales of the condominium units.

## Twelfth Affirmative Defense

## (Statute of Limitations)

148.   The TAC and each of its causes of action are barred in whole or in part by the applicable statute(s) of limitations, including 15 U.S.C. § 1711(a)(2), Code of Civ. Proc. § 338(d), Bus. & Prof. Code § 11021 & Bus. & Prof. Code § 17208.

## Thirteenth Affirmative Defense

## (Good Faith/Advice of Counsel)

149.   The claims of Plaintiffs in the TAC are barred because Defendants acted in good faith and upon the advice of counsel in doing the acts and omissions alleged in the TAC.

## Fourteenth Affirmative Defense

## (Adequate Remedy At Law)

150.   Plaintiffs' claims as alleged in the TAC are barred because, to the extent Plaintiffs are entitled a recovery against Defendants, if any, Plaintiffs have an adequate remedy at law.

## Fifteenth Affirmative Defense

## (Improper Class Action)

151.   Plaintiffs' TAC and the causes of action asserted therein cannot be maintained as a class action because: (i) the purported class is not so numerous that joinder of all members individually is impracticable; (ii) there is no question of law or fact common to the purported class; (iii) the claims and defenses of the class representatives, Plaintiffs, are not typical of the alleged claims or defenses of the

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA    063353\5060000v1

- 22 -

DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT
CASE NO. 11-CV-1842-DMS-CAB

purported class; and (iv) Plaintiffs are not fairly and adequately able to protect the interests of all members of the class.

### Sixteenth Affirmative Defense

### (Reservation)

152.    Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet, unstated affirmative defenses available.  Defendants reserve the right to assert additional defenses in the event that discovery indicates they would be appropriate.

### JURY DEMAND

153.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand that trial be by jury on all claims and issues so triable in the TAC.

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs' TAC be dismissed with prejudice;

2.    That Plaintiffs take nothing as against the Defendants by reason of the TAC or any cause of action stated therein;

3.    That Defendants be awarded their costs and disbursements in this action, including reasonable attorneys' fees as permitted by law; and

4.    That Defendants be awarded such other and further relief as this Court deems just and proper.

DATED:  June 14, 2013               COX, CASTLE & NICHOLSON LLP


By:  /s/ Frederick H. Kranz
   Frederick H. Kranz
   Attorneys for Defendants Tarsadia Hotels;
   Tushar Patel; B.U. Patel; Gregory Casserly;
   5th Rock, LLC, MKP One, LLC, and
   Gaslamp Holdings, LLC