# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN BEAVER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> TARSADIA HOTELS, et als., <br><br> Defendants. | CASE NO. 11cv1842 GPC(KSC) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND PLAINTIFFS' MOTION TO APPOINT CO-LEAD CLASS COUNSEL AS PREMATURE** <br><br> [Dkt. Nos. 62, 63.] |

Currently before the Court are Plaintiffs' motion for class certification and motion to appoint co-lead class counsel. (Dkt. Nos. 62, 63.) Defendants filed oppositions and Plaintiffs replied. (Dkt. Nos. 83, 84, 93.)

Plaintiffs Dean Beaver, Laurie Beaver, Steven Adelman, Abram Aghachi, Dinesh Gauba, Kevin Kenna and Veronica Kenna (collectively "Plaintiffs") brought a class action on behalf of themselves and all others similarly situated against developers and agents of the Hard Rock Hotel & Condominium Project ("Hard Rock"). (Dkt. No. 69, TAC.) Plaintiffs allege causes of action for violation of the Interstate Land Sales Full Disclosure Act, ("ILSA"), 15 U.S.C. § 1703(a)(2)(A)-(C); violation of California's Subdivided Lands Act, ("SLA"), California Business and Professions Code sections 11000 *et seq.*; fraud; negligence; and violation of California Business

1  and Professions Code sections 17200 *et seq.*[1] (Id.) Plaintiffs are purchasers of
2  condominium hotel units through the Hard Rock project in San Diego, California.
3  Plaintiffs commenced this action on behalf of persons who purchased units at the Hard
4  Rock between May 2006 and December 2007.

5  Plaintiffs' causes of actions are based on Defendants' failure to disclose and
6  affirmatively concealing the two year rescission right arising out of the following three
7  violations of ILSA: "First, Defendants did not register with HUD. Second, they did not
8  obtain an ILSA Property Report or its ILSA-compliant state equivalent. Third, their
9  Purchase Contract does not contain the ILSA-mandated 20-day cure language." (Dkt.
10 No. 62 at 21-22.) Defendants contend that ILSA does not apply to the Hard Rock
11 because an exemption applies. (Id. at 24.) The threshold legal issue is whether ILSA
12 applies to the Hard Rock project.

13 After a review of the motion for class certification, the Court finds the
14 certification of the proposed class is premature. Specifically, whether ILSA applies to
15 the Hard Rock is a legal question which should be resolved on summary judgment
16 before the question of class certification is addressed. Currently on the Court's docket
17 are Plaintiffs' motion for partial summary judgment on the Unfair Competition claim,
18 and Defendants' motions for summary judgment, that address whether ILSA applies.
19 These motions are currently set for hearing on August 16, 2013. (Dkt. Nos. 81, 94, 98.)
20 / / / /
21 / / / /
22 / / / /
23 / / / /
24 / / / /

---

[1] On May 2, 2012, District Judge Dana Sabraw granted in part and denied in part the second amended complaint dismissing the second cause of action for violation of California's Subdivided Lands Act with prejudice. (Dkt. No. 34.) In addition, the first and third causes of action for violation of ILSA and common law fraud were dismissed with prejudice as to Defendant Playground Destinations Properties, Inc. only. (Id. at 18.)

**Conclusion**

Based on the above, the Court DENIES Plaintiffs' motion for class certification as PREMATURE.

IT IS SO ORDERED.

DATED: June 24, 2013

HON. GONZALO P. CURIEL
United States District Judge