# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN BEAVER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>TARSADIA HOTELS, et als.,<br><br>Defendants, | CASE NO. 11CV1842-GPC(KSC)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR STAY PENDING FILING AND DISPOSITION OF PETITION FOR WRIT OF CERTIORARI**<br><br>[Dkt. No. 193.] |

On April 4, 2016, the Ninth Circuit issued its mandate affirming the Court's order on summary judgment. (Dkt. No. 191.) On the same day, this Court lifted the stay that was imposed in the case. (Dkt. No. 192.) On April 5, 2016, Defendants filed a notice of intent to file a petition for writ of certiorari to the United States Supreme Court and a request for continuation of stay. (Dkt. No. 193.) Plaintiffs filed an opposition on April 7, 2016. (Dkt. No. 196.)

## Discussion

In the exercise of its inherent authority to control its own docket, the Court may stay a case. See Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of

independent proceedings which bear upon the case"). When considering a motion to stay pending appeal, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies.

Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). In other words, satisfying steps (1) and (2) requires proof of either "a probability of success on the merits and the possibility of irreparable injury to [the applicant]" or a showing "that serious legal questions are raised and that the balance of hardships tips sharply in [the moving party's] favor." Id. at 1115-16 (internal quotations and citations omitted). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. at 1116 (citation omitted).

Defendants seek a continuation of the stay for the same reasons the Court issued a stay on October 29, 2014 "because resolution of the issue will likely alter the direction of the current proceedings and a stay would promote efficiency and economy of time for the Court and for the parties." (Dkt. No. 177.) Plaintiffs oppose contending that Defendants have not demonstrated a probability of success on the merits and cannot show they will suffer irreparable harm. Instead, Plaintiffs argue that a continuance of the stay will substantially injure them as they obtained summary judgment as to liability almost two years ago and Plaintiffs are still coping with balloon loan payments and/or increased payments due to Defendants' failure to rescind the contract.

In their motion, Defendants fail to address the relevant factors in seeking a motion for a stay pending appeal and have therefore failed to meet their burden. Defendants have not demonstrated a likelihood of success on the merits and have not shown that they will suffer irreparable harm. In contrast, Plaintiffs argue that they are

1 currently and will continue to suffer substantial injury based on Defendants' failure to
2 rescind the contract. Moreover, the Court notes that the public interest lies in having
3 this five year old case resolved expeditiously. Therefore, in balancing the stay factors,
4 the Court DENIES Defendants' motion for a stay. The Court sets a status conference
5 on **May 13, 2016 at 1:30 p.m.** On or before **May 6, 2016**, the parties shall file a joint
6 statement suggesting how the case should proceed after the Ninth Circuit's ruling, and
7 identifying issues the parties wish to raise at the status conference.[1]

8     IT IS SO ORDERED.

10 DATED: April 19, 2016

                                          HON. GONZALO P. CURIEL
                                          United States District Judge

---

[1] Defendants also state that Third Party Defendant Greenberg Traurig, LLP joins in Defendants' motion for a continuation of a stay. However, on April 4, 2016, the Court did not lift the stay on the Third Party Complaint. (Dkt. No. 192.) The stay on the Third Party Complaint remains in effect. (Dkt. No. 152.)