# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN BEAVER, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>TARSADIA HOTELS, et als.,<br><br>　　　　　　Defendants, | CASE NO. 11CV1842-GPC(KSC)<br><br>**ORDER GRANTING THIRD PARTY DEFENDANT'S MOTION TO PARTICIPATE IN DEFENSE OF THE MAIN ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 14(a)**<br><br>[Dkt. No. 211.] |

Before the Court is Third Party Defendant Greenberg Traurig LLP's ("GP") motion to participate in the defense of the main action pursuant to Federal Rule of Civil Procedure ("Rule") 14(a). Plaintiffs filed an opposition and GP filed a reply. (Dkt. Nos. 216, 217.) The Court finds the matter suitable for resolution without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons set forth below, the Court GRANTS GP's motion pursuant to Rule 14(a).

## BACKGROUND

On August 17, 2011, this proposed class action was removed from state court to this Court. (Dkt. No. 1.) Plaintiffs Dean Beaver, Laurie Beaver, Steven Adelman, Abram Aghachi, Dinesh Gauba, Kevin Kenna and Veronica Kenna (collectively "Plaintiffs") brought a class action on behalf of themselves and all others similarly

situated against developers and agents of the Hard Rock Hotel & Condominium Project ("Tarsadia Defendants"). (Dkt. No. 69, TAC.) Plaintiffs asserted five causes of action: 1) violation of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.* ("ILSA"); 2) California's Subdivided Lands Act, California Business and Professions Code sections 11000 *et seq.*; 3) fraud; 4) negligence; and 5) violation of California Business and Professions Code sections 17200 *et seq*. Plaintiffs brought this action on behalf of persons who purchased units at the Hard Rock Hotel & Condominium Project between May 2006 and December 2007 for Defendants' failure to disclose and intentionally concealing Plaintiffs' right to rescind their purchase contracts within two years of the date of signing the contracts.

On June 14, 2013, Tarsadia Defendants filed an Answer and a Third Party Complaint against their attorney, Greenberg, Traurig, LLP, alleging professional negligence, breach of contract and breach of fiduciary duty based on, *inter alia,* GP's drafting of the purchase contracts and other related documents. (Dkt. No. 106-2.) On September 10, 2013, GT filed a motion to dismiss, or in the alternative, stay the Third Party Complaint. (Dkt. No. 124.) During the briefing of GT's motion to dismiss, on October 16, 2013, the Court denied Plaintiffs' motion for summary judgment on the "unlawful" prong of the UCL, and granted Tarsadia Defendants' and Playground's motions for summary judgment on all claims except the negligence cause of action.[1] (Dkt. No. 128.) On November 5, 2013, Plaintiffs filed a motion for reconsideration of the Court's order on summary judgment. (Dkt. No. 133.) On December 17, 2013, the Court denied GT's motion to dismiss and request for a stay. (Dkt. No. 139.) On December 31, 2013, GT filed its answer to the Third Party Complaint. (Dkt. No. 140.)

On June 27, 2014, GT and Tarsadia Defendants, as Third Party Plaintiffs filed a joint motion to stay the Third Party Complaint, which the Court granted on June 30, 2014. (Dkt. No. 152.) After the stay was granted, on July 2, 2014, the Court granted

---

[1] The Court directed the parties to submit supplemental briefing on the negligence claim.

Plaintiffs' motion for reconsideration on the "unlawful" prong of the UCL claim.[2] (Dkt. No. 153.) On July 30, 2014, Tarsadia Defendants filed a motion for reconsideration of the Court's reconsideration order, and on August 1, 2014, a motion for certificate of appealability of the Court's order. (Dkt. Nos. 155, 158.) Then in September 2014, an amendment to the ILSA was passed where the sale of condominium units would be exempt from certain registration and disclosure requirements under ILSA. (Dkt. No. 170.)

Therefore, on October 29, 2014, the Court determined that the 2014 amendment to the ILSA was not retroactive and *sua sponte* certified the Court's orders of October 16, 2013 and July 2, 2014 for interlocutory appeal. (Dkt. No. 177.) On March 10, 2016, the Ninth Circuit issued its opinion affirming the Court's orders. Beaver v. Tarsadia Hotels, 816 F.3d 1170 (9th Cir. 2016). The stay on the Third Party Complaint is still in effect. (Dkt. No. 152.)

**Discussion**

GT seeks an order allowing it to participate in the defense of the main action on an ongoing basis and to reopen expert discovery for the limited purpose to designate it own expert(s), and participate in expert depositions. It also seeks to reserve the right to request permission to apply to the Magistrate Judge for leave to take fact discovery if it determines that fact discovery is necessary.

In response, Plaintiffs argue that GT should not be allowed to reopen discovery after liability has been established because it should have conducted discovery years ago. Instead GT made a strategic decision to stay out of the main action when GT and Tarsadia filed a joint motion to stay prosecution of the third party complaint in June 2014. If the Court were to allow GT to participate in the main action, Plaintiffs maintain that GT should be limited to participating in future briefing and the remedies trial in the action but should be allowed expert discovery. According to Plaintiffs, GT

---

[2] In that order, the Court also granted all Defendants' motions for summary judgment on the negligence cause of action. (Dkt. No. 153.)

should not be allowed to begin litigation anew after liability has already been determined.

Rule 14(a)(2) provides that a Third Party Defendant "may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim. . . ." Rule 14(a)(2)(C). The Advisory Committee Notes states:

> [R]ule 14(a) has been expanded to clarify the right of the third-party defendant to assert any defenses which the third-party plaintiff may have to the plaintiff's claim. This protects the impleaded third-party defendant where the third-party plaintiff fails or neglects to assert a proper defense to the plaintiff's action.

Fed. R. Civ. P. 14(a) Advisory Comm. Notes to 1946 Amendment. One rationale for this Rule is that because GT cannot relitigate the question of Tarsadia Defendants' liability to Plaintiffs, "Rule 14(a) prevents the prejudice or unfairness that could result from [Tarsadia Defendants'] failure . . . to assert the appropriate defenses." Lindner v. Meadow Gold Dairies, Inc., 515 F. Supp. 2d 1141, 1149 (D. Haw. 2007). While the plaintiff and the third-party defendant are not opposing parties, Rule 14 "recognizes the derivative nature of the third-party defendant's potential liability and permits it essentially to stand in the defendant's shoes and assert its defenses . . . ." Id. at 1149 (quoting Moore's Federal Practice 14.25 (Matthew Bender 3d)).

"A fair reading of Rule 14(a) indicates clearly that since the third party defendant may be liable to the original defendant, the third party defendant must be permitted to take part in the trial and conduct examinations and cross examination as the rules of evidence permit." Wiggins v. City of Philadelphia, 331 F.2d 521, 529 (3d Cir. 1964) (third party defendant filed an answer to the third party complaint). "For the purpose of defense against plaintiff's complaint, a third party defendant is in the law suit as an adverse party to the same extent as the defendant and must act accordingly. This assures a third party defendant complete defense protection in an action where he may be liable for the judgment in favor of the plaintiff." F&D Property Co. v. Alkire, 385 F.2d 97, 100 (10th Cir. 1967) (citation omitted).

Here, the parties do not dispute that GT may raise affirmative defenses to

Plaintiffs' complaint in its answer to the Third Party Complaint. Tarsadia Defendants argue that GT failed to raise any affirmative defense in response to Plaintiffs' claims. GT does not assert whether it asserted an affirmative defense in its answer. However, whether GT raised an affirmative defense in its answer to Plaintiff's complaint is not relevant in this case.

"An affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." Roberge v. Hannah Marine Corp., No. 96-1691, 1997 WL 468330, at *3 (6th Cir. 1997); G & G Closed Circuit Events, LLC v. Nguyen, No. 10-CV-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010).

In this case, GT does not seek to assert an affirmative defense to Plaintiffs' claims as liability has already been determined, but seeks to participate in the dispute, which would involve expert discovery, concerning the calculation of damages if class certification is granted. According to GT, the expert reports prepared three years ago do not adequately address what, if any, restitution, may be available because Tarsadia Defendants' expert examined only four units and failed to address the value of each of the putative class member's units at the relevant point in time. Therefore, since expert discovery was not comprehensive, GT argues it will be prejudiced if it is not allowed to designate its own experts.

The Court agrees. This case is in a unique procedural posture where liability has been established and the remaining issues are class certification and the calculation of damages. GT's liability and the amount of liability, if liability is found against it, may be contingent on class certification and the amount of damages awarded to Plaintiffs in the main action. Therefore, if GT is unable to participate in the class certification motion and to assert theories opposing Plaintiffs' damages calculations, it will be prejudiced. Based on the reasoning behind Rule 14 to allow third party defendants to participate in the main action in order to protect them against a decision of liability

against the defendant to the plaintiff, which the Court believes would also include the amount of damages, the Court concludes that GT should be allowed to participate in the defense of this action on an ongoing basis and be allowed to conduct expert discovery if class certification is granted. See F&D Property Co., 385 F.2d at 100 (Rule 14 "assures a third party defendant complete defense protection in an action where he may be liable for the judgment in favor of the plaintiff.").

In addition, the Court does not find Tarsadia Defendants' argument, that GT should now be barred from expert discovery because it should have conducted expert discovery years ago, persuasive. When GT was named as a defendant in the Third Party Complaint on June 14, 2013, (Dkt. No. 106-2), all discovery had been completed, and motions for class certification and summary judgment had been filed.[3] On October 16, 2013, the Court granted judgment on most claims against Plaintiffs including the UCL claim. (Dkt. No. 128.) At that time, it appeared, that the case was over in favor of Tarsadia Defendants and, as explained by GT, there was no need for expert discovery.

On June 30, 2014, the Court granted Tarsadia Defendants and GT's joint motion to stay the Third Party Complaint. (Dkt. No. 152.) This request was made to "avoid the cost and inconvenience of engaging in protracted discovery and motion practice related to the Third Party Complaint until the Underlying Action is resolved." (Dkt. No. 151 at 2.) Then, on July 2, 2014, the posture of the case changed when the Court granted in part Plaintiffs' motion for reconsideration and issued a summary judgment ruling in Plaintiffs' favor on the "unlawful" prong of the UCL claim. At the end of July and early August, an additional motion for reconsideration of the Court's order on reconsideration was filed as well as a motion for certificate of appealability. Finally, on October 29, 2014, the Court sua sponte certified its orders for interlocutory appeal. (Dkt. No. 177.)

---

[3] The deadline for class and fact discovery was February 15, 2013. (Dkt. No. 60.) In addition, the deadline for dispositive motions was on May 31, 2013. (Dkt. No. 50.)

The timeline in this case reveals that, contrary to Plaintiffs' argument, GT did not have an opportunity to seek expert discovery as it appeared that judgment was going to be entered against Plaintiffs and the status of that judgment was subsequently in flux due to the Court's reconsideration order and follow up motions.  Lastly, GT is not seeking to start litigation anew, as asserted by Plaintiffs, but seeks expert discovery that will be limited to the calculation of restitution damages.

**Conclusion**

Based on the above, the Court GRANTS GT's motion pursuant to Rule 14(a) and ORDERS that GT is permitted to participate in the defense of this action, including but not limited to class certification briefing and trial, on an ongoing basis.

As to discovery, if the Court DENIES Plaintiffs' motion for class certification, expert discovery is unnecessary, and GT's request to reopen expert discovery is denied.  However, if the Court GRANTS Plaintiffs' motion for class certification, then the Court GRANTS GT's motion and discovery is reopened for the limited purpose of allowing (1)  GT to designate its own expert(s), and (2)  limited expert discovery as described more specifically below.  The Court further Orders that GT may apply to the Magistrate Judge for leave to take specific fact discovery and the Magistrate may grant such application if the Magistrate finds it appropriate to do so, notwithstanding the fact that the fact discovery cut-off  has passed.  In considering such application, the Magistrate shall consider, among other things, the merits of and objections to any specifically requested fact discovery, the potential harm to GT if denied such discovery, and the harm to Plaintiffs if such discovery requires delay in the prosecution of this action.

If class certification is granted, then the Court amends the First Amended Scheduling Order (Dkt. 50) as follows:

1. GT shall designate its experts in writing by **September 19, 2016.**  GT must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703,  or 705 of the Federal Rule of Evidence.  This requirement is not limited to

retained experts. Also on or before **September 19, 2016**, GT shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

2.   Rebuttal experts, which shall be limited experts providing testimony in rebuttal to or contradiction of GT's experts, shall be exchanged on or before **October 15, 2016.** The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony each expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony. Also on or before **October 15, 2016**, any party designating an expert to rebut or contradict GT's expert(s) shall supplement its disclosure under Rule 26(a)(2)(c) regarding such contradictory or rebuttal evidence.

3.   All expert discovery shall be completed by the parties on or before **November 30, 2016.** The expert discovery during this period shall be limited to: (1) GT's deposition of any expert witness, (2) any party's deposition of GT's expert witness(es), and/or (3) any party's deposition of a rebuttal expert designated to rebut or contradict GT's expert(s).

The Court's June 30, 2014 Stay Order (Dkt. No. 152) shall not be affected by this Order.

The hearing set for June 30, 2016 shall be **vacated.**

IT IS SO ORDERED.

DATED: June 27, 2016

HON. GONZALO P. CURIEL
United States District Judge