1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

DEAN BEAVER, et al.,

CASE NO. 11CV1842-GPC(KSC)

11

Plaintiffs,

**ORDER DENYING DEFENDANTS'
MOTION FOR LEAVE TO AMEND
ANSWER TO THE THIRD
AMENDED COMPLAINT**

12
13

vs.

14
15

TARSADIA HOTELS, et als.,

[Dkt. No. 213.]

16

Defendants,

17

18          Before the Court is Defendants' motion for leave to amend their answer to the

19    third amended complaint.  (Dkt. No. 213.)  An opposition was filed by Plaintiffs and

20    Defendants[1] filed a reply.  (Dkt. Nos. 222, 225.)   After a review of the briefs,

21    supporting documentation, and the applicable law, the Court DENIES Defendants'

22    motion for leave to file an amended answer to the third amended complaint.

23                                                       **Background**

24          On August 17, 2011, this proposed class action was removed from state court to

25    this Court.  (Dkt. No. 1.)  On April 18, 2013, Plaintiffs Dean Beaver, Laurie Beaver,

26    Steven Adelman, Abram Aghachi, Dinesh Gauba, Kevin Kenna and Veronica Kenna

27

28          [1]The remaining Defendants are Tarsadia Hotels, Tushar Patel, BU Patel, Gregory
Casserly, 5th Rock LLC, MKP One LLC, and Gaslamp Holdings.

1  (collectively "Plaintiffs") filed a third amended putative class action complaint against
2  the developers, sellers and agents of the Hard Rock Hotel & Condominium Project.
3  (Dkt. No. 69, TAC.)  Defendants filed their answer to the third amended complaint on
4  June 14, 2013.  (Dkt. No. 106.)

5       After multiple motions by both parties, including summary judgment, the Court
6  granted summary judgment as to Defendants on nearly all causes of action except the
7  Court granted Plaintiffs' motion for summary judgment on the unlawful prong of the
8  UCL alleging that Defendants failed to disclose and intentionally concealed
9  purchasers' right to rescind their purchase contracts within two years of the date of
10 signing the contracts in violation of ILSA.  On October 29, 2014, the Court, inter alia,
11 *sua sponte* certified  certain issues in its orders of October 16, 2013, July 2, 2014, and
12 October 29, 2014 for interlocutory appeal.  (Dkt. No. 177.)  On March 10, 2016, the
13 Ninth Circuit issued its opinion affirming the Court's orders.  Beaver v. Tarsadia
14 Hotels, 816 F.3d 1170 (9th Cir. 2016).  The stay was lifted on April 4, 2016.  (Dkt. No.
15 192.)

16      On June 10, 2016, Defendants filed a motion seeking leave to amend their
17 answer to the third amended complaint to assert one affirmative defense of res
18 judicata/collateral estoppel.  (Dtk. No. 213.)  Defendants seek to assert the affirmative
19 defense of preclusion based on three prior litigation concerning the purchase and sale
20 of the Hard Rock units that were dismissed in favor of Defendants.  See Salameh v.
21 Tarsadia Hotels, No. 09cv2739 DMS(CAB), 2011 WL 1044129 (S.D. Cal. Mar. 22,
22 2011), aff'd, 726 F.3d 1124 (9th Cir. 2013); Bell v. Tarsadia Hotels, Case No. 37-2010-
23 00096618-CU-BT-CTL (S.D. Super. Ct. 2010); 5th & K Parcel 2 Owners' Assoc., Inc.
24 v. Salameh, D066096, 2015 WL 5601555 (Cal. Ct. App. September 23, 2015), review
25 denied on December 16, 2015.  Plaintiffs oppose asserting that liability has already
26 been established by the Court which was affirmed by the Ninth Circuit.  They also
27 argue that Defendants waived the affirmative defense, there was undue delay and any
28 amendment would be futile.

**Discussion**

Federal Rule of Civil Procedure ("Rule") 15(a) provides that leave to amend shall be freely given when justice so requires and the standard is applied liberally. Fed. R. Civ. P. 15(a).  Once a district court has established a deadline for amended pleadings, and that deadline has passed, Rule 16 applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-608 (9th Cir.1992).  Subsequent amendments are not allowed without a request to first modify the scheduling order. At that point, any modification must be based on a showing of good cause. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  Rule 16's good cause standard is more stringent that the liberal amendment standard under Rule 15. AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 952 (9th Cir. 2006).

A pretrial scheduling order can only be modified "upon a showing of good cause." Fed. R. Civ. P. 16(b).  "Good cause" focuses on the diligence of the party seeking an amendment. Johnson, 975 F.2d at 609.  The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.  In general, the focus of the diligence inquiry is on the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading. See Zivkovic v. S. Cal. Edison Corp., 302 F.3d 1080, 1087-88 (9th Cir. 2002).  Prejudice to the non-moving party, though not required under FRCP 16(b), can supply additional reasons to deny a motion. Coleman, 232 F.3d at 1295. The Ninth Circuit noted that "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.; see Sugita v. Parker, 13cv118-AWI-MJS(PC), 2015 WL 5522078, at *2 (E.D. Cal. Sept. 16, 2015) (counsel's carelessness or inadvertence fails to establish "good cause").

Here, Defendants seek leave to amend their answer to assert the affirmative defenses of res judicata and collateral estoppel. (Dkt. No. 213.) Defendants explain that after the case was remanded back to this Court following the interlocutory appeal,

[11CV1842-GPC(KSC)]

they re-evaluated the case and discovered that their answer inadvertently did not plead the affirmative defense of res judicata/collateral estoppel as to the <u>Salameh</u> and <u>Bell</u> actions. (Dkt. No. 213-1, Galuppo Decl.¶¶ 2, 3.)  They argue that given the disposition of the case at this time, they believe that amending the answer is necessary and appropriate and that the delay was in part due to the appeal.  (<u>Id.</u> ¶ 3.)  They further argue that Plaintiff will not be prejudiced because they were aware of the potential defense in April 2013 when the parties filed a joint motion for approval of stipulation regarding members of putative class and reserved their right to various defenses as outlined in the table attached as Exhibit A to the Joint Motion. (Dkt. Nos. 72, 73.)  The table provides a list of purchasers with numerous columns concerning their purchase of the Hard Rock unit and includes a column entitled "subject to Bell or Salameh Defense."  Therefore, Defendants assert Plaintiff had notice of these defenses and cannot claim prejudice.  As to the 5th & K action, Defendants argue they could not assert the affirmative defense until now since it did not ripen until review was denied on December 16, 2015.

A scheduling order was first filed on September 5, 2012 which set the deadline to amend the pleadings by September 27, 2012.  (Dkt. No. 42.)  A first amended scheduling order which did not extend the deadlines for amended pleadings was then filed on October 10, 2012.  (Dkt. No. 50.)  Because the pleading amendment deadline has long passed, Defendants bear the burden of showing "good cause" to amend the answer under Rule 16(b).  <u>See</u> <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).  In their motion, Defendants do not address or satisfy the "good cause" standard.  Instead, they  assert that leave to amend should be freely granted under Rule 15(a). Therefore, the Court DENIES Defendants' motion to modify the scheduling order to seek leave to file an amended answer for failing to demonstrate "good cause."

If the Court declines to exercise its discretion to modify its Rule 16 Scheduling Order, an analysis under Rule 15(a) is not necessary.  <u>See</u> <u>Sosa v. Airprint Sys., Inc.</u>,

[11CV1842-GPC(KSC)]

133 F.3d 1417, 1419 (11th Cir. 1998) (holding that the Court need not evaluate Rule 15(a) unless the movant first meets the "good cause" requirement of Rule 16); <u>MMMT Holdings Corp. v NSGI Holdings, Inc.</u>, No. C12-1570 RSL, 2014 WL 2573290, at *4 (W.D. Wash June 9, 2014) (because plaintiff cannot satisfy Rule 16(b), it is not necessary to evaluate the plaintiff's motion to amend under Rule 15).

**B.     Rule 15(a)**

However, even if Defendants satisfied the "good cause" standard, the Court finds that leave to amend should not be granted under Rule 15.

Under Rule 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. <u>Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines</u>, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." <u>DCD Programs Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." <u>Id.</u>; <u>but see</u> <u>Union Pacific R.R. Co. v. Nevada Power Co.</u>, 950 F.2d 1429, 1432 (9th Cir. 1991) (In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than new parties).

Because Rule15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. <u>Genentech, Inc. v. Abbott Labs.</u>, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors:  (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. <u>Foman</u>, 371 U.S. at 182; <u>United States v. Corinthian Colleges</u>, 655 F.3d 984, 995 (9th Cir. 2011). These factors are not equally weighted; the possibility of delay alone, for instance, cannot

[11CV1842-GPC(KSC)]

1  justify denial of leave to amend, <u>DCD Programs</u>, 833 F.2d at 186, but when combined

2  with a showing of prejudice, bad faith, or futility of amendment, leave to amend will

3  likely be denied.  <u>Bowles v. Reade</u>, 198 F.2d 752, 758 (9th Cir. 1999). "Futility of

4  amendment can, by itself, justify the denial of a motion for leave to amend." <u>Bonin v.</u>

5  <u>Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995).

6       Defendants argue that leave to amend should be freely granted especially where

7  the Ninth Circuit has liberalized the requirement that affirmative defenses must be

8  raised in the initial pleading.  Plaintiffs argue that Defendants waived the affirmative

9  defense of res judicata and collateral estoppel, that there has been undue delay and the

10 amendment is futile.

11 **A.     Waiver**

12      Plaintiffs argue that Defendants have waived the affirmative defenses by failing

13 to object to the parallel prosecution of claims in the other three actions which were

14 filed in 2009 and 2010 before the initial complaint was filed in this case in 2011.  They

15 argue Defendants failed to object to the concurrent prosecution of the three actions and

16 only raised the defense after a favorable ruling in the other cases and liability against

17 them was affirmed by the Ninth Circuit in this case.  Defendants reply that they did not

18 waive their right to assert res judicata/collateral estoppel affirmative defenses because

19 plaintiff must also suffer some prejudice in order to apply waiver.

20      Rule 8 lists res judicata as an affirmative defense that is waived if not pled in the

21 answer. Fed. R. Civ. P. 8(c).  The purpose of Rule 8(c) is to give the opposing party

22 notice and a chance to dispute its application.  <u>Blonder-Tongue Labs., Inc. v. Univ. of</u>

23 <u>Illinois Fdn.</u>, 402 U.S. 313, 350 (1971).  In <u>Clements</u>, the Ninth Circuit noted that the

24 defenses of claim preclusion and issue preclusion are waived if they are not raised in

25 the pleadings and the defendant failed "to object to the prosecution of dual proceedings

26 while both proceedings are pending . . . ." <u>Clements v. Airport Auth. of Washoe Cty.</u>,

27 69 F.3d 321, 328 (9th Cir. 1995).

28      The Ninth Circuit has liberalized the requirement that defendants must assert

affirmative defenses in the initial pleadings.  Magana v. Commonwealth of the N. Mariana Islands, 107 F.3d 1436, 1446 (9th Cir. 1997).  As long as the plaintiff is not prejudiced, res judicata may be raised for the first time on summary judgment.  Id.; see also Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993); Ahmad v. Furlong, 435 F.3d 1196, 1201-02 (10th Cir. 2006) (collecting cases).  This liberal rule has been applied to claim and issue preclusion.  See Owens v. Kaiser Fdn. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (res judicata raised for the first time on a motion for judgment on the pleadings); Curry v. City of Syracuse, 316 F.3d 324, 330-31 (2d Cir.2003) (raising collateral estoppel for the first time on summary judgment); McGinest v. GTE Serv. Corp., 247 F. App'x 72, 75 (9th Cir. 2007) (stating that Clements supports the proposition that "the plaintiff must also have suffered some prejudice in order to apply waiver.").

In this case, Plaintiffs do not allege any prejudice from Defendants' raising of the affirmative defense at this stage of the proceedings.  Accordingly, Defendants have not waived the affirmative defenses of collateral estoppel and res judicata.

**B.     Futility**

Plaintiffs also argue that an amendment is futile because the Salameh, Bell and 5th & K actions have no preclusive effect.  First, Plaintiffs argue the motion is moot because they have excluded from the class members in this case the named plaintiffs in the Salameh action as well as the plaintiffs in the Bell action who dismissed their claims with prejudice and/or signed releases.  Moreover, the Salameh case was never certified as a class action so there is no possibility of preclusive effect.  According to Plaintiffs in this case, they assert they were also plaintiffs in the Bell case where they dismissed their claims without prejudice and did not sign a release, so any preclusive effect of their claims is moot.  In addition, Plaintiffs contend that the 5th & K action has no preclusive effect because it relates to different primary rights and the class notice did not apprise class members of the potential preclusion of the present claims.

The renewed motion for class certification seeks to certify a class of

[11CV1842-GPC(KSC)]

1
2
3
4
5
6

All individuals and businesses who agreed to purchase condominium-hotel units at the Hard Rock Hotel & Condominiums in San Diego, California at any time between May 2006 and December 2007 and ultimately closed escrow on units in the project, with the exception of (a) Defendants and their officers, affiliates, directors, employees and the immediate family members of its officers, directors and employees, (b) those named plaintiffs in the action entitled *Bell, et al. v. Tarsadia Hotels, et al.* (San Diego Superior Court Case No. 37-2010-00096618-CU-BT-26 CTL) who signed valid releases, and (c) the named plaintiffs in the action entitled *Salameh, et. al. v. Tarsaidia (sic) Hotels, et. al.*, Case No. 09-CV-2739-DMS (CAB) (the "Class").

7   (Dkt. No. 219, Ps' M. for Class Cert. at 8[2].)

8   The Court agrees with Plaintiffs that the motion for leave to amend the answer
9   to add the affirmative defenses of res judicata and collateral estoppel are moot as to the
10  <u>Salameh</u> and <u>Bell</u> actions since the class Plaintiffs seek to certify exclude those
11  plaintiffs. Defendants' reply does not directly challenge that the purported amendment
12  is mooted as to the <u>Bell</u> and <u>Salameh</u> actions but further argue that the res
13  judicata/collateral estoppel is not limited to class certification but will be a viable
14  defense against individual claims if class certification is denied. However, since the
15  Court has already determined liability in favor of the named Plaintiffs, the affirmative
16  defenses are no longer viable as to them.[3]

17  As for 5th & K, Defendants argue that those plaintiffs have not been excluded
18  as class plaintiffs in the class definition and issue of preclusion did not ripen until the
19  California Supreme Court denied review on December 16, 2015. Therefore,
20  Defendants should be allowed to amend their answer to add collateral estoppel/res
21  judicata as an affirmative defense. Plaintiffs argue that the 5th & K action has no
22  preclusive effect because the class notice in that case did not inform overlapping class
23  members that their rights in this action could be affected by their decision to remain in

24
25
26  [2]Page numbers are based on the CM/ECF pagination.

27  [3]Plaintiffs did not move for summary judgment against BU Patel and Gaslamp
28  Holdings, LLC. (Dkt. No. 81 at 11 n.1.) In their joint status conference statement, filed on May 6, 2016, Plaintiffs stated they are willing to dismiss B.U. Patel and Gaslamp Holdings, LLC without prejudice. (Dkt. No. 204 at 8.)

the 5th & K action.[4]  Defendants reply that the class notice in 5th & K was approved by the court and provided "significant indication of the rights at issue overlapping with the claims at issue in this action" by stating ". . . Defendants breached their fiduciary duties owed to Plaintiffs, misrepresented or concealed material information from Plaintiffs, used unfair competition practices."  (Dkt. No. 222-3 at 6.)

"[T]he Due Process Clause . . .  requires that the named plaintiff at all times adequately represent the interests of the absent class members." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985); Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir.1998) ("To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them.").  A judgment in a class action binds the absent member of the class unless due process was violated.  Gonzales v. Cassidy, 474 F.2d 67, 74 (5th Cir. 1973).  Due process requires notice and an opportunity to be heard and the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812.  "Without adequate representation, a court order approving a claim-preclusive class action settlement agreement cannot satisfy due process as to all members of the class."  Hesse v. Sprint Corp., 598 F.3d 581, 588 (9th Cir. 2010).

In Hesse, the Ninth Circuit held that the class representation in the prior class action settlement addressing improper surcharges to recoup federal regulatory fees, was inadequate for the claims asserted by the plaintiffs, in its case, based on Washington State B&O tax surcharges.  Hesse, 598 F.3d at 589.  The prior class action did not share the same claim or even "pretend to prosecute those claims on their behalf."  Id. Therefore, despite the expansive release in the prior judgment, the plaintiffs were not barred from pursuing their case.  Id. at 592.

---

[4]Because the Court finds that the class notice in the 5th & K action does not provide sufficient notice to class members of their legal rights which bars a preclusion defense, the Court need not address whether the injuries and primary rights in the two cases are the same.

In <u>Negrete</u>, the defendant moved for partial summary judgment on RICO claims based on claims that the defendant induced class members to purchase deferred annuities. <u>Negrete v. Allianz Life Ins. Co. of N. America</u>, 2010 WL 4116852, at *1-2 (C.D. Cal. Aug. 18, 2010). The defendant argued that the RICO claims were barred based on a final judgment entered in its favor in a parallel case called <u>Mooney</u> alleging state consumer fraud causes of action concerning the sale of certain types of annuities. <u>Id.</u> In <u>Mooney</u>, a class was certified and a jury trial was held on a single claim under the state consumer fraud act and the jury returned a verdict for the defendant. <u>Id.</u> at 2.

The <u>Negrete</u> court noted that the <u>Mooney</u> court made findings regarding the adequacy of the class notice as to the state consumer claims before it but did not make specific findings of adequacy as to the federal RICO claims in the <u>Negrete</u> action. <u>Id.</u> at 12. In <u>Negrete</u>, the court concluded that the "class notice did not sufficiently apprise overlapping class members that if they failed to opt out, then their claims in <u>Negrete</u> would be barred." <u>Id.</u> The notice only advised the legal claims sought in the <u>Mooney</u> case, and not the <u>Negrete</u> case. The Court held that the <u>Mooney</u> notice was inadequate to bind the absent class members in the <u>Negrete</u> action. <u>Id.</u> Therefore, the court denied summary judgment based on claim preclusion.

Here, the plaintiffs in the 5th & K action alleged causes of action of fraud, breach of fiduciary duty, and unfair competition because they were overcharged for room management fees and association assessments which were based on a hotel management agreement, a rental management agreement and an association management agreement. (Dkt. No. 222-2 at 4-5.) As to the class members' legal claims, the class notice in 5th & K provided,

> Plaintiffs allege that Defendants conspired to and engaged in a common scheme to divert the monies of each Hard Rock Hotel San Diego unit owner. It is alleged that in so doing, Defendants breached their fiduciary duties owed to Plaintiffs, misrepresented or concealed material information from Plaintiffs, used unfair competition practices, and failed to provide documents in violation of Business and Professions Code section 11018.6.

> The class seeks to recover a refund of rental management fees and assessments that were purportedly improperly utilized or diverted by

- 10 -

1  
2  
3  
4  
5  

Defendants. Plaintiffs allege the Associations were controlled by other principals, that the Associations collected fees to which they were not entitled at the behest of the principals, that these monies were then transferred to the principals and used for hotel operations, and that the Associations were involved in the alleged scheme via the control of these principals who were using the Associations for their own benefit. Any award to the Class for damages or restitution will flow from these principals, not the Associations.

6  (Dkt. No. 222-3 at 6.)

7  First, the class members in 5th & K prosecuted claims of overcharges for fees
8  and assessments based on management agreements and did not vigorously prosecute
9  the claims raised in this case, ILSA violations.  Moreover, the 5th & K class notice
10  does not "sufficiently apprise" class members that their opting in might bar them from
11  being a class member in this case.  Referencing certain similar language used in both
12  cases such as "misrepresented," "concealed material information," and "unfair
13  competition" does not provide notice of the legal claims in this case and notice to
14  overlapping class members that they may be barred from being a class member in this
15  case.  Therefore, the 5th & K action and the class notice in the 5th & K action cannot
16  bind the absent class members in this case.

17  Accordingly, the Court concludes that any amendment would be futile and the
18  Court DENIES Defendants' motion for leave to amend their answer to the third
19  amended complaint.  See Bonin, 59 F.3d at 845 ("Futility of amendment can, by itself,
20  justify the denial of a motion for leave to amend.").[5]

21  / / / /
22  / / / /
23  / / / /
24  / / / /
25  / / / /
26  / / / /
27  
28  [5]Since the Court denies Defendants' motion for leave to amend their answer based on futility, the Court need not address the undue delay factor.

- 11 -                                        [11CV1842-GPC(KSC)]

1

**Conclusion**

2    Based on the reasoning above, the Court DENIES Defendants' motion for leave

3  to file an amended answer.

4    IT IS SO ORDERED.

5  DATED:  August 4, 2016

6

7  HON. GONZALO P. CURIEL
    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[11CV1842-GPC(KSC)]