# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN BEAVER and LAURIE BEAVER, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>TARSADIA HOTELS, a California Corporation *et al.*,<br><br>Defendants. | Case No. 11-CV-1842-GPC (KSC)<br><br>**ORDER RE DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS** |

On December 20, 2019, Class Counsel filed a final status report and request for an order paying residual amounts to the Claims Administrator. (Dkt. No. 324.)

This class action alleged violations of the disclosure requirements under the Interstate Land Sales Full Disclosure Act concerning the sale of condominium units at the Hard Rock in San Diego, CA. (Dkt. Nos. 1, 69.) After years of contentious litigation, the parties settled. On September 28, 2017, the Court granted Plaintiffs' motion for final approval of class action settlement and judgment and Plaintiffs' application for attorneys' fees and costs, and service awards. (Dkt. No. 314.) On May 9, 2018, the Court granted approval of the distribution of settlement funds to Class Members. (Dkt. No. 322.) On June 12, 2018, Class Counsel filed a status report informing the Court that the Claims Administrator made a clerical error and underpaid

one Class Member by $180,342.16 and the rest of the class, in aggregate, were overpaid by the same amount. (Dkt. No. 323-1, Brasefield Decl. ¶ 4.) The Claims Administrator took immediate steps to remedy the error and used its own funds to pay the underpaid Class Member. (*Id.*)

The final status report states that 100% of the class members have received and cashed their settlement distribution checks. (Dkt. No. 324 at 2.) 624 class members received checks totaling $33,724,038.46. (Dkt. No. 324-1, Sperry Decl. ¶ 8.) After payment of court approved attorney fees and expenses, class representative service awards, class member awards, administration fees and expenses, tax payments, appraiser fees, and private investigator fees, the settlement account has a balance of $48,550.70. (*Id.* ¶ 7.) The excess balance is due to the interest accrued on the account and the remaining funds for private investigator fees not used. (*Id.*) Plus, the account currently accrues interest at an average of $85/month. (*Id.*) Remaining are unbilled administration fees and expenses concerning post-distribution work that total $20,112.69. (*Id.* ¶ 9.) Therefore, the remaining residual amount is $28,438.01.

Class Counsel requests that $20,112.69 for unpaid administration fees and expenses be paid to the Claims Administrator and the remaining residual amount of $28,438.01 be paid to the Claim Administrator to partially reimburse it for paying $180,342.16 of its own funds to correct a clerical error. (Dkt. No. 324 at 2.) Alternatively, Class Counsel notes that if the Court would prefer another distribution to class members, it will instruct the Claims Administrator to proceed accordingly. (*Id.* at 2-3.)

When this error was noted, Class Counsel's status report, filed on June 12, 2018, noted that "if at the end of the distribution process, there are funds remaining in the settlement fund, class counsel and GCG may request that those funds be used to repay GCG up to the $180,342.16 that it paid to Stanzaz, LLC, before any second distribution

is made to class members." (Dkt. No. 323 at 2.) Accordingly, in the final status report, Class Counsel requests that the entire amount remaining in the settlement fund be paid to the Claims Administrator to pay current unpaid fees and partially reimburse it for paying $180,342.16 from its own funds. (Dkt. No. 324.) However, Class Counsel has provided no legal or contractual basis to support this distribution.

In fact, the Distribution Plan, referenced in the Court's order granting final approval of class action settlement, (Dkt. No. 314 at 32), provides that "any leftover Settlement Administration costs, shall be distributed pro rata to Class members who cashed their checks, unless Plaintiffs' Counsel, with District Court approval, deems the residual too small to efficiently distribute, in which event the residual will be paid *cy pres* to an appropriate charity or non-profit suggested by Plaintiffs and approved by the District Court." (Dkt. No. 273-7, Schrag Decl., Ex. E.) Class Counsel fails to explain with legal authority its divergence from the Distribution Plan. Unless otherwise shown, Plaintiffs must comply with the Distribution Plan, which was approved by the Court on September 28, 2017, that any residual amounts be distributed to either to class members or to a cy pres.

IT IS SO ORDERED.

Dated: January 7, 2020

Hon. Gonzalo P. Curiel
United States District Judge