# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN BEAVER AND LAURIE BEAVER, HUSBAND AND WIFE; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TARSADIA HOTELS, A CALIFORNIA CORPORATION; *et al.*, <br><br> Defendants. | Case No. 11-cv-01842-GPC-KSC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR A CY PRES DISTRIBUTION OF RESIDUAL SETTLEMENT FUND** |

Before the Court is Plaintiffs' motion for a *cy pres* distribution from the residual settlement fund. (Dkt. No. 326.) No opposition was filed.

This class action alleged violations of the disclosure requirements under the Interstate Land Sales Full Disclosure Act ("ILSA") concerning the sale of condominium units at the Hard Rock in San Diego, CA. (Dkt. Nos. 1, 69.) After years of contentious litigation, the parties settled. On September 28, 2017, the Court granted Plaintiffs' motion for final approval of class action settlement and judgment and Plaintiffs' application for attorneys' fees and costs, and service

awards. (Dkt. No. 314.) On May 9, 2018, the Court granted approval of the distribution of settlement funds to Class Members. (Dkt. No. 322.) The final status report states that 100% of the class members have received and cashed their settlement distribution checks. (Dkt. No. 324 at 2.) 624 class members received checks totaling $33,724,038.46. (Dkt. No. 324-1, Sperry Decl. ¶ 8.) After payment of court approved attorney fees and expenses, class representative service awards, class member awards, administration fees and expenses, tax payments, appraiser fees, and private investigator fees, the settlement account has a balance of $48,609.70. (Dkt. No. 326-2, Suppl. Sperry Decl. ¶ 3.) The excess balance is a combination of interest accrued on the account and the remaining funds for private investigator fees not used. (*Id.*) Plus, the account currently accrues interest at an average of $85/month. (*Id.*) Remaining are unbilled administration fees and expenses concerning post-distribution work that total $20,112.69. (*Id.* ¶ 4.) Therefore, the remaining residual amount is $28,497.24.

If there were a second distribution of residual amounts, estimated administration fees and expense would be about $11,000 to include first-class postage, check printing costs, handling Class member communications, necessary address research and updates, bank account maintenance, and other administration activities. (*Id.*) Therefore, after administration fees and expenses, the amount for a second distribution would be $17,497.24 which would translate to an average of $28.04 per payee. (*Id.*) It is to be noted that the original distribution payments averaged $54,044.93 per payee. (*Id.*)

The Distribution Plan, referenced in the Court's order granting final approval of class action settlement, (Dkt. No. 314 at 32), provides that "any leftover Settlement Administration costs, shall be distributed pro rata to Class members who cashed their checks, unless Plaintiffs' Counsel, with District Court

approval, deems the residual too small to efficiently distribute, in which event the residual will be paid *cy pres* to an appropriate charity or non-profit suggested by Plaintiffs and approved by the District Court." (Dkt. No. 273-7, Schrag Decl., Ex. E.)

The cy pres doctrine "allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries." *Nachsin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011). Courts have approved cy pres where "proof of individual claims would be burdensome or distribution of damages costly." *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1305 (9th Cir. 1990). A determination on a cy pres distribution must take into account "the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *Nachsin*, 663 F.3d at 1036. In *Nachsin*, the Ninth Circuit held that objectives of the Electronic Communications Privacy Act, at issue, had nothing to do with the cy pres donations to Legal Aid Foundation of Los Angeles, the Boys and Girls Clubs of Santa Monica and Los Angeles, and the Federal Judicial Center Foundation. *Id.* While the cy pres recipient need not be ideal, it must bear "a substantial nexus to the interests of the class members." *Lane v. Facebook, Inc.*, 696 F.3d 811, 821 (9th Cir. 2012).

Here, Plaintiffs argue that a cy pres distribution is appropriate because all class members have already received substantial payments and it would be economically inefficient to distribute such a small residual amount after considering the administrative costs of a second distribution. They contend that it would be more appropriate to distribute residual funds to a cy pres recipient. Class counsel has identified San Diego Housing Federation ("SDHF") as the recipient of the cy pres. Plaintiffs alleged violations of California's Unfair Competition Law

("UCL") based on violations of the ILSA concerning the class members' purchases of condominium units at the Hard Rock in San Diego. California.  ILSA imposes disclosure requirements on developers in order to protect purchasers from false and deceptive practices.  (Dkt. No. 128 at 7.[1])  SDHF's mission includes providing affordable housing opportunities to San Diego residents and educating the public and policymakers about housing trends and initiatives and informing the public about the need for affordable housing in the region.  (Dkt. No. 326-1, Russel Decl. ¶ 2.)  It has also advocated for local and state legislation that responds to the current housing crisis by creating more opportunities for housing production at all income levels.  (*Id.* ¶ 4.)  SDHF further provides professional training, networking opportunities and provides resources for housing policy advocates.  (*Id.* ¶ 3.)  Finally, it hosts an annual conference that brings together fair housing practitioners, policy makers housing advocates, and developers, community leaders and top experts in the field of fair housing to discuss barriers to obtain housing.  (*Id.* ¶ 4.)

     The Court agrees that it would be burdensome and inefficient to require a second distribution of the residual settlement fund and a cy pres award is more appropriate.  Further, the Court concludes that there is a nexus between the cy pres recipient, SDHF, whose work protects and educates homebuyers, and ILSA's objective of protecting homebuyers from unscrupulous developers.   While SDHF is focused on providing affordable housing to San Diego residents, it also educates the public about housing trends in the San Diego area, and provides training and resources for housing policy advocates and works with developers.  Finally, SDHF's work is geographically focused on San Diego and covers the geographic

---

[1]  Page numbers are based on the CM/ECF pagination.

scope of the case. Accordingly, the Court GRANTS Plaintiffs' motion for cy pres distribution.

## Conclusion

Based on the above, the Court GRNATS Plaintiffs' motion for *cy pres* distribution from the residual settlement fund and approves the distribution of (1) $20,112.69 to cover remaining unbilled settlement administrator fees, and (2) a *cy pres* distribution of $28,497.24 plus further accrued interest to San Diego Housing Federation. The hearing date set for March 13, 2020 shall be **vacated.**

IT IS SO ORDERED.

Dated: March 9, 2020

Hon. Gonzalo P. Curiel
United States District Judge